JULIA ANN QUACKENBOS *et al.*, Plaintiffs in Error, *v.* EDWARD M. M. CLARKE, Defendant in Error.

#### ERROR TO MORGAN.

SEE the preceding case for a statement of this. These cases are brought to this court upon the same decree pronounced in the Circuit Court, but by the different parties.

BREESE, J. This case is precisely similar in all respects to the case of *Clarke* v. *Quackenbos and others,* decided on appeal. The plaintiffs here, who were complainants below, not satisfied with the decree, bring the case here by writ of error, and assign as the only error in the decree, that the court did not allow them interest on the amount decreed to be paid to them for a reasonable period, for the investment of, or accounting for the moneys, after they came to the hands of the defendant.

As we have found in the principal case that there was no trust of these moneys, the defendant could have abused none. As we could not conceive, from the evidence, that the mother of these plaintiffs ever intended or wished that they should enjoy any portion of her estate, but had bestowed the whole of it upon the defendant, endeared to her by the strongest ties of love and affection, and who had, on all occasions, exhibited to her the greatest filial regard, and had extended to her at all times the kindest offices, we have been disposed to give the most liberal interpretation to what the donor and donee have said and done, in order to effectuate the manifest intention of the donor. As we have said in that case, that whilst, for the maintenance and enjoyment of the mother, by virtue of the arrangement between her and the defendant,

she had the same kind of interest in any surplus that might remain after purchasing and furnishing a house for her residence, that she had in such residence, still, such surplus, like the house and furniture, was the property of the appellant, and could, in no event, go to the plaintiffs without violating the arrangement and thwarting the manifest intention of the parties. Further reflection satisfies us that this view in no way conflicts with the testimony in the cause, but is in perfect harmony with it. That part of the decree on which the error has been assigned is, of course, affirmed, the decree itself being reversed, by the decision in the case of Clarke against these plaintiffs on the appeal brought by him.

*Decree affirmed.*