## USHER F. LINDER

*v.*

## BYRD MONROE'S EXECUTORS.

1. PLEADING — *profert of letters testamentary.* In an action by executors, profert of their letters testamentary was made in this form: "And the said plaintiffs bring in court here the letters showing their qualifications as executors." This was sufficient.

2. JUDGMENT MUST NOT EXCEED THE *ad damnum.* The rule is, that a party cannot recover a greater sum as damages than he has laid in his declaration.

3. REMITTITUR — *when allowed.* But it is equally true that he may remit the excess, and have judgment for the balance.

4. SAME — *within what time it must be entered.* In an action of assumpsit upon a note, a default was taken — the clerk reported the damages, whereupon it was "ordered and adjudged by the court that the plaintiff recover" the sum reported by the clerk, which exceeded the *ad damnum;* "whereupon the plaintiff remits" the excess. *Held,* the remittitur was in apt time.

5. PRACTICE IN THE SUPREME COURT — *entering judgment therein.* In an action of assumpsit on a note, a default was entered, and the clerk assessed the damages to a sum in excess of the *ad damnum;* the plaintiff remitted the excess, but a judgment was entered for more than the residue. On writ of error, the judgment was reversed for that cause, but the Supreme Court having the *data* before it by which a correct judgment could be entered, a judgment was entered in this court for the proper amount.

6. JUDGMENTS — *mode of entry.* Amounts should not, in the judgment of a court, be entered in figures, but in all cases by letters.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. CHARLES H. CONSTABLE, Judge, presiding.

This was a suit instituted in the Circuit Court of Coles county, by Margaret F. Monroe, James Monroe and Joseph Peyton,

executors of Byrd Monroe, deceased, against Usher F. Linder, in assumpsit, with damages laid at $300.

Defendants in error declared on six promissory notes, adding four common counts and made profert of letters testamentary in the following words: "And the said plaintiffs bring into court here the letters showing their qualifications as executors."

Plaintiff in error defaulted and judgment rendered for defendants in error. Clerk ordered to assess damages, which were assessed at $393.79 and costs of suit; whereupon defendants remitted $150.22, and execution was ordered for the balance, being, as then claimed, $272.59. Plaintiff brings the case to the Supreme Court on a writ of error.

The errors assigned by plaintiff were that no profert was made of letters testamentary, and that judgment was entered in figures, and for too large a sum.

Messrs. McLAIN & ST. JOHN, for plaintiff in error.

Messrs. JOHN SCHOFIELD and FICKLIN & MOORE, for defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

We do not consider any of the errors assigned on this record appear upon it, nor are the positions assumed by the plaintiff in error, tenable.

The declaration pursues the form of the most approved precedents, and the plaintiffs therein make profert of the letters testamentary in the usual form.

The rule is, undoubtedly, that a party cannot recover a greater sum as damages than he has laid in his declaration, but it is equally true that he may remit the excess and have judgment for the balance. The remittitur in this case was in apt time, and the amount remaining is the limit of the recovery.

It seems to be admitted on both sides, and so the record indicates, that the sum of one hundred and fifty $\frac{22}{100}$ dollars was the amount remitted. If this be so, then the residue would be two hundred and forty-three $\frac{79}{100}$ dollars, and not two

hundred and seventy-three $\frac{56}{100}$ dollars, for which the judgment was rendered; consequently, the judgment is for a sum too large, and must be reversed, but as we have the *data* before us by which a correct judgment can be entered, a judgment will be entered here for the sum remaining after the remittitur was entered, which is two hundred and forty-three dollars and seventy-nine cents.

For this sum the plaintiff below is entitled to judgment. The plaintiff in error will recover his costs.

We may remark here, that amounts should not, in the judgment of a court, be entered in figures, but in all cases by letters. There is no safety in using figures for such purpose, as practiced in this case. It is not to be tolerated.

*Judgment reversed.*