RICHARD H. CONNOR *et ux.*

*v.*

JOSEPH A. BERRY *et al.*

1. MARRIED WOMEN—*liability of the husband for the wife's debts contracted before marriage.* The husband is liable for the debts of the wife contracted before marriage, although the marriage may have taken place since the passage of the act of 1861, for the protection of married women in their separate property.

WRIT of ERROR to the Circuit Court of Sangamon county; the Hon. EDWARD Y. RICE, Judge, presiding.

The points raised in this case are sufficiently stated in the opinion of the court.

Messrs. STUART, EDWARDS & BROWN, and Messrs. McCLERNAND, BROADWELL & SPRINGER, for the plaintiffs in error.

Messrs. PALMER & HAY, and Messrs. HERNDON & ZANE, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The only question presented by this record is, whether the husband is liable for the debts of the wife contracted before coverture, the marriage having taken place since the passage of the law of 1861, for the protection of married women in their separate property.    It is contended for the appellants, with a good deal of plausibility, that, as that act secures to a married woman the separate control and enjoyment of her property, the reason of the common law rule imposing liability upon the husband, and with the reason, the rule itself must be considered as having ceased.    But we are not prepared to say the reason has so far ceased as to justify us in overturning, by judicial construction, a rule so firmly established in our law.    All that can be truly said, is, that the act of 1861 has, in part, abolished the grounds upon which the courts and text writers have placed the liability of the husband, but it has not wholly done so.    That liability rests not merely upon the fact that, by the common law, the husband becomes, upon marriage, the owner of his wife's personal property, when reduced to possession, and of a life-estate in her realty, but also upon the ground that he is entitled to the entire proceeds of her time, industry and skill.    As a means

of paying her debts, it can hardly be said that her earnings are of less consequence than her accumulated property. In most cases in this country they would be of far greater. Yet this court has held, in *Bear* v. *Hays*, 36 Ills., 280, and in several subsequent cases, that, notwithstanding the act of 1861, the husband is still entitled to the wife's earnings. So it has held in *Cole* v. *Van Riper*, 44 Ill. 58, that he still has a qualified tenancy, by the curtesy, in her lands. With these legal incidents of marriage still existing, we cannot say the legislature intended by the act of 1861 to relieve the husband from the obligation to pay his wife's debts imposed upon him by the existing law.

*Judgment affirmed.*