Alexander C. McMurtry *et al.*

*v.*

Christopher C. Webster *et al.*

1. Husband and wife—*liability of husband for wife's debts.* The act of 1861 for the protection of married women in their separate property, has not changed the law which renders a husband liable for the debts of the wife contracted before the marriage. Being entitled to her labor, skill and earnings after the marriage, he is held liable to pay her debts contracted before their marriage. The case of *Connor* v. *Berry*, 46 Ill. 370, approved and applied to this case.

Appeal from the Superior Court of Chicago; the Hon. Joseph E. Gary, Chief Justice, presiding.

The facts fully appear in the opinion.

Messrs. Smith & Furness, for the appellants.

Messrs. Rich & Noble, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

This was an action of assumpsit, brought by appellees, to the April term, 1868, of the Superior Court of Chicago, against appellants. From the declaration filed in the case, it appears that the suit was for a debt owing by the wife, contracted before the marriage of appellants, which took place after the passage of the act of 1861, for the protection of married women in their separate property. Appellants demurred to the declaration, but the demurrer was overruled, and they abiding thereby, and refusing to plead over, the court rendered judgment for appellees. The decision of the court below, in overruling the demurrer is assigned for error, and a reversal is urged upon that ground.

The only question presented by this record is, whether the husband is liable for the debts of his wife, contracted before coverture, the marriage having taken place since the passage of the law of 1861. It is urged, with apparent earnestness, that when this act was passed, and the husband by its provisions ceased to be entitled to the property of the wife at the time of the marriage, the reason why the common law held him liable for the debts of the wife while sole had ceased, and the reason having ceased, the law must cease. In the case of *Connor* v. *Berry*, 46 Ill. 370, this question was before the court. It was then held that the husband was still liable; that the fact that under the common law, the husband upon marriage became entitled to the personal property of the wife, was not the only reason why he was held liable for the wife's debts contracted while sole; that as important a reason for the rule was, that by the marriage he became entitled to the labor and earnings of the wife during coverture; and that, under the act of 1861, he was still entitled to such labor, skill and earnings of the wife, as had been previously held by this court. The reason of the rule had not wholly failed, and the husband was held liable for the debts of the wife, contracted before marriage. That case was, in every particular, similar to this, and must control the decision of this. The judgment of the court below must be affirmed.

*Judgment affirmed.*