JAMES HOWARTH
*v.*
LEOPOLD WARMSER *et al.*

HUSBAND AND WIFE—*liability of husband for wife's debts.*  In an action against husband and wife, on a promissory note executed by the wife prior to the marriage, which took place after the passage of the act of 1869, giving to married women the control of their own earnings, it was *held*, under that act, the husband was not liable.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This action was originally brought before a justice of the peace, by Leopold Warmser and Nathan Gutman, partners, doing business as Warmser & Co., against James Howarth and Margaret, his wife.   The plaintiffs recovered a judgment, from which an appeal was taken to the circuit court, where the case was tried, by consent of parties, upon the following statement of facts:

That on the 20th of October, A. D. 1869, Margaret Schiek, being a *feme sole*, doing business in the city of Belleville, and being indebted to Warmser & Co. in the sum of $115, executed to them her promissory note of that date, for that amount, payable thirty days after date, upon which note she afterwards paid $35; that on the —— day of ———, 1870, she married James Howarth; that suit was brought before a justice of the peace against both, jointly, after coverture, and judgment rendered against them for $85.97, from which judgment James appealed; that Margaret had no interest in any land, and that she and James had no children.

The circuit court rendered judgment against the defendants for the sum of $84.43, and costs, from which judgment James Howarth prayed an appeal to this court, which was granted upon his giving bond in the sum of $200.

Messrs. C. W. & E. L. Thomas, for the appellant.

Messrs. G. & G. A. Koerner, for the appellees.

Mr. Chief Justice Lawrence delivered the opinion of the Court:

We held, in *Connor* v. *Berry*, 46 Ill. 370, and *McMurtry* v. *Webster*, 48 ib. 123, that the husband was still, as at common law, liable for the debts of his wife, contracted before marriage, notwithstanding the act of 1861, because that act still left to the husband the wife's earnings. Since those decisions were made, the legislature, by the act of 1869, has taken from the husband all control over the earnings of his wife, and thus swept away the last vestige of the reasons upon which the common law rule rested. The rule itself must now cease. Legislative action has virtually abolished it, by taking away its foundations and rendering its enforcement unjust.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*