# HARRIET M. HAIGHT

*v.*

# FRANKLIN McVEAGH *et al.*

1. MARRIED WOMAN—*power to purchase real estate.* It was held, in *Carpenter* v. *Mitchell,* 54 Ill. 126, that the power given to married women to acquire property by descent, devise, "*or otherwise,*" was sufficiently broad to embrace an acquisition by purchase, and that, when she exercised the power by purchasing real estate, it was under the same terms and conditions as if done by one under no disability, so far as to make the contract binding upon and render her separate estate liable in equity to discharge the indebtedness thus incurred. In *Cookson* v. *Toole,* 59 Ill. 515, this case was so far modified as to hold her liable at law as well as in equity, upon contracts made within her capacity under the statute.

2. SAME—*statutes relating to, liberally construed.* It has been the settled policy of this court to give a liberal construction to the acts of 1861 and 1869, relating to married women and their separate property, and to enforce their several provisions according to the plain and obvious meaning of the language used, to effectuate the legislative intent.

3. SAME—*right to contract necessary to the full exercise of powers given.* The right to contract is indispensable to the acquisition of earnings and to the unrestricted possession, control and enjoyment of property.

4. SAME—*right to engage in business and contract debts.* Under the acts of 1861 and 1869, no reason is perceived why a married woman may not,

at least with the consent of her husband, earn money in trade as well as by manual labor, or carry on the business of a grocery store, contract debts for goods to be used in trade, as well as for animals and farming implements, or for lands and farm labor.

5. So, where a married woman, by her husband's consent, engaged in the business of buying and retailing groceries in conjunction with another, who was a silent or secret partner, her husband acting as clerk for the firm, and the wife purchased goods in her own name, to be used in the business, and there was no pretense that the husband purchased the same, or that they were bought for his use, it was *held*, in an action against the wife for the price, that she was liable the same as a *feme sole*, and that it was not necessary to have made her husband a defendant with her, he not being liable for her contracts.

6. Same—*husband's acts as agent do not impair her rights.* It has been repeatedly held by this court, that the husband may act as the agent of his wife in the control and management of her separate property, and that when he so acts in good faith, and is not permitted thereby to defraud others, it in nowise impairs her right to her property, or to its increase or profits.

7. Interest—*on account, when admitted to be due.* Where a debtor, on presentation of his account, admits its correctness, and promises to pay the same, this will render it liquidated, and it will draw interest thereafter at the rate of six per cent per annum.

8. Judgment—*in excess of sum indorsed on justice's summons.* Where a judgment is rendered on appeal for a greater sum than that indorsed on the justice's summons, if the excess is made up of interest accruing after the date of the summons, there will be no error.

Appeal from the Circuit Court of Cook county; the Hon. Henry Booth, Judge, presiding.

This was an action commenced before a justice of the peace, by Franklin McVeagh and Wayne McVeagh against Harriet M. Haight, upon an account for goods sold, amounting to $124.78. The opinion of the court presents the essential facts.

Mr. Daniel F. Buckley, for the appellant.

Mr. Alfred Bartow, for the appellees.

626 HAIGHT *v.* McVEAGH *et al.* [Sept. T.

Opinion of the Court.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

The principal ground upon which a reversal of the judgment of the court below is asked, is, that appellant is, and was when the cause of action accrued, a married woman, residing with her husband, and that the judgment should, therefore, have been against herself and husband jointly, and not against her individually.

It is conceded that appellant was, with the consent of her husband, carrying on the business of a retail grocery store, on West Madison street, in Chicago, in her own name, in conjunction with one Chase, who was a silent partner; that her husband had no interest in the business, but was acting as clerk for the firm; that the account, for the collection of which suit is brought, was for goods purchased by appellant in her own name, to be used in her business, and that she acknowledged the correctness of the account, and promised to pay it before suit was commenced.

No plea in abatement was filed on account of the non-joinder of Chase, and no objection is now urged questioning the regularity of the proceeding in that respect.

The first section of the act approved February 21, 1861, (Laws of 1861, p. 143,) conferred upon a married woman the right to possess, control and enjoy her separate property, acquired in good faith from any person other than her husband, the same as though she were sole and unmarried; and the first section of the act approved March 24, 1869, (Laws of 1869, p. 255,) conferred upon her the right to receive, use and possess her own earnings, and sue for the same in her own name, free from the interference of her husband and his creditors.

In *Carpenter* v. *Mitchell*, 54 Ill. 126, it was held, that a married woman, under the act first referred to, has power to purchase real estate, and bind her separate property for the payment of a debt thus incurred. It was there said: "This

provision contemplates the acquisition of property in different modes, by married women, and a fair interpretation of the language employed embraces a purchase by her. It names the acquisition by descent and devise, and instead of limiting it to that mode, enlarges the power by recognizing other unenumerated modes, by the expression, "or otherwise." which is broad enough to embrace a purchase. If, then, the statute authorizes a married woman to purchase real estate, she must, when she exercises such a power, do it on the same terms and conditions which attach to others not under disability, so far as to be bound by her purchase, and render her separate property, in equity, liable to discharge indebtedness thus incurred.

In *Howarth* v. *Warmser*, 58 Ill. 48, it was held, that the effect of the act last referred to was, to relieve the husband from the payment of the debts of the wife contracted before marriage; that, by taking away the husband's control of the earnings of the wife, the reason of the common law rule, holding him liable for the payment of such debts, was removed, and the reason ceasing, the rule must also cease.

Upon like principle, it was held, in *Martin et al.* v. *Robson*, 65 Ill. 129, that the husband is no longer liable for the torts of the wife, when not committed by his direction or with his consent. And it has been repeatedly held, that the husband may act as the agent of his wife in the control and management of her property, and that where he so acts in good faith, and is not permitted thereby to defraud others, it in nowise impairs her right to her property, or to its increase or profits.

By reference to these and other decisions bearing upon the question, it will be seen that it has been the settled policy of this court to give a liberal construction to the acts referred to, and to enforce their several provisions according to the plain and obvious meaning of the language used. The wisdom of these statutes we are not authorized to question, as they are not in conflict with any part of the constitution. The legislative department has seen fit to make a radical change in the

common law, relating to the property rights of married women, and it is our duty to enforce the law as they have made it.

It is not to be supposed that it was within the contemplation of the legislature, in conferring upon married women the right to receive, use and possess their own earnings, and to sue for the same in their own names, that it was to be limited to such only as should result from manual labor, or that, in conferring upon them the right to have their separate property under their sole and separate control, and to hold, own, possess and enjoy the same, as though they were sole and unmarried, they were to be restricted in its use or disposition. The right to contract is indispensable to the acquisition of earnings, and to the unrestricted possession, control and enjoyment of property.

We perceive no reason why a married woman, invested with these rights, may not, at least with the consent of her husband, earn money in trade, as well as at the wash-tub, or with the sewing machine; why she may not as well be the proprietress of a grocery store, as of a farm; contract debts for goods, to be used in trade, as for animals and farming implements, or lands, or farm labor. In removing the common law restrictions upon her right to acquire and to control her property, the legislature have left her to determine, at all events when her husband shall not object, from the dictates of her own judgment, in what lawful pursuit she will engage, and whether it shall be prosecuted alone or in conjunction with others.

In this case, the goods were purchased by the appellant, to be used in her business as proprietress of a retail grocery store. There is no pretense that they were purchased by the husband, or for his use, or under such circumstances that the law will infer his liability. They became appellant's sole and separate property, and either she must be held to pay for them, or it must be held that, while married women have the right to contract and acquire property, they shall, neverthe-

less, be exempt from complying with their contracts made for
that purpose.

In *Cookson* v. *Toole*, 59 Ill. 515, the case of *Carpenter* v.
*Mitchell, supra,* was so far modified that it was held, that a mar-
ried woman is liable, on her contracts, at law as well as in
equity.   That case was assumpsit, brought by the plaintiff
against the defendant, a married woman, to recover for work
and labor done and performed by plaintiff for defendant, at
her special instance and request.   The coverture of the de-
fendant was pleaded, to which the plaintiff replied that the
work and labor in the declaration mentioned were done and
performed in and about the improvement of the defendant's
farm, and in taking care of her stock thereon, which farm
and stock were her sole and separate property, derived from
persons other than her husband, held and enjoyed by her
for her sole benefit, and without the control or interfer-
ence of her husband.   The court below sustained a general
demurrer to the replication.   It was held, that the matters
alleged in the replication were sufficient, in avoidance of the
plea of coverture, and that the court below erred in sustain-
ing the demurrer.

And in *Hatley* v. *Ball*, 66 Ill. 250, suit was brought against
a married woman; pleas of coverture were interposed, to
which it was replied that the several promises and under-
takings in the declaration mentioned were for services per-
formed, materials furnished and money expended concerning
the necessary care and for the benefit of the separate prop-
erty of appellee, then owned by her, etc.   It was held, fol-
lowing *Cookson* v. *Toole, supra*, that the replications were
sufficient, and that, under the law now in force, a *feme covert*
may be sued at law on her contracts.

It is also objected, that the judgment is for a larger amount
than that indorsed on the back of the summons.   The excess
is accounted for by the accumulation of interest after the
account was presented to appellant, and she acknowledged its
correctness and promised to pay it.   It was then liquidated,

630    C. & N. W. Ry. Co. v. Bensley *et al.*    [Sept. T.

Opinion of the Court.

and it was proper to allow interest upon it from that time forth, at the rate of six per cent per annum. In such cases, the judgment, although exceeding the amount indorsed upon the summons issued by the justice of the peace, is not erroneous. *Rives* v. *Kumler*, 27 Ill. 293; *Dowling* v. *Stewart*, 3 Scam. 195.

The judgment of the court below is affirmed.

*Judgment affirmed.*

Mr. Justice Sheldon dissents.