# The Toledo, Peoria and Warsaw Railway Co.

### *v.*

# Philip Pence.

1. **Burden of proof**—*fencing right of way.* In a suit against a railway company to recover for the killing of stock, on the ground of a neglect of the company to fence its track, if the owner of the land where the animals got upon the track received compensation for fencing when the right of way was obtained, the burden of proof is upon the company to show that fact.

2. **Judgment**—*limited to sum claimed.* In suits originating before justices of the peace, the plaintiff is limited, in his recovery, by the amount of his claim indorsed on the summons, and it is error to render judgment in his favor for a greater sum.

Appeal from the Circuit Court of Henderson county; the Hon. Arthur A. Smith, Judge, presiding.

This was an action, brought by Philip Pence, against the Toledo, Peoria and Warsaw Railway Company, to recover damages for the killing of plaintiff's cow.

Messrs. Ingersoll, Puterbaugh Bros. & McCune, for the appellant.

Mr. John J. Glenn, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

This case, in all important respects, is identical with that of *The Toledo, Peoria and Warsaw Railway Company* v. *Pence*, 68 Ill. 524.

In answer to the argument of appellant, that it might be technically true that John Paul, the owner of the land, had not agreed to build the fence, it probably was the fact, nevertheless, that he had received compensation for fencing when the right of way was obtained through his land. It may be urged that this probability might have been rendered certain by appellant, whose duty it was to establish the fact, if it existed. The *onus* was upon it.

There is one point of difference between this case and the one cited, and which must reverse this judgment. It is an unbending rule, a plaintiff shall not recover more than he claims. The recovery shall not exceed the *ad damnum* in the declaration.

As this was an action brought before a justice of the peace, the plaintiff was required to indorse the amount of his claim on the summons, which was done in this case, showing a claim for thirty dollars, and no more. This indorsement supplies the *ad damnum* in a formal declaration, and must control the recovery. The amount recovered was thirty-two dollars and fifty cents.

So early as 1830, this court said, in *Ellis* v. *Snider*, Breese, 336, which was a case before a justice of the peace, that a party who presents an account is the best judge of the extent of his claim, when the amount has not been reduced to certainty by a note or express agreement. He is to determine how much he will demand for any particular service or article of property, and it is for the court or jury to decide whether the charge is reasonable or otherwise, and it is their province to allow either the amount claimed or less, as in their judgment they shall believe the testimony will warrant; but

neither the court nor jury have a legal right to allow *more* than the plaintiff claims. Should they do so, it would be error, unless the plaintiff remits the excess.

In *Dowling* v. *Stewart et al.* 3 Scam. 193, it was said, upon this second point: "We understand that the statement of a claim made by a plaintiff, indorsed on the warrant and entered on the justice's docket, concludes him. It may be likened to the statement of the claim of damages in a declaration in the circuit court. The plaintiff can not go beyond that, or recover, by verdict and judgment, more than he thus claims; if he does, it is error, unless the excess is remitted." To the same point is *Badgley* v. *Heald*, 4 Gilm. 64. This *remittitur* is to be made in the circuit court, and not in this court.

Appellee claims that this error can be corrected in this court, as we have the data before us for such purpose, and refers to *Linder* v. *Monroe's Exrs.* 33 Ill. 388. That case is not like this, in principle. There, the *remittitur* was in apt time in the circuit court, but, by a mistake of the clerk, improperly entered. Here, we have no data on which to base a judgment, as the testimony is, the animal killed was worth thirty or thirty-five dollars. We can not say which, and the jury settled it at thirty-two dollars and fifty cents, the amount claimed on the summons being thirty dollars only.

For this error, the judgment must be reversed, and the cause remanded for a new trial.

*Judgment reversed.*