## LOUIS H. BULLOCK

### v.

## LINUS CARPENTER.

PRACTICE—AMOUNT ENDORSED ON SUMMONS.—It is the settled rule in this State that a plaintiff is limited in his recovery, in actions originating before justices, to the amount endorsed upon the summons.

APPEAL from the County Court of Woodford county; the Hon. J. M. McCULLOCH, Judge, presiding.   Opinion filed Jan- uary 17, 1879.

Bullock v. Carpenter.

Mr. ELIJAH PLANK, for appellant; that a receipt in full is evidence of a settlement, and shifts the burden upon him who would disprove it, cited Winchester v. Grosvenor, 44 Ill. 425.

Mr. S. S. PAGE, for appellee.

PILLSBURY, P. J.  This suit was commenced by appellee against appellant before a justice of the peace, by summons in the usual form.

The amount of plaintiff's demand, endorsed upon the summons by the justice, was $55.60, and on the trial before the justice the plaintiff was allowed to increase such amount to $155.60.  An appeal being taken to the County Court of Woodford county, a judgment was there rendered in favor of the plaintiff for $164.80, and the defendant brings the record to this Court by appeal, and among others, assigns for error that the judgment exceeds the amount endorsed on the back of the summons.

That the plaintiff is limited in his recovery to the amount endorsed upon the summons in actions originating before justices, is the settled rule in this State.    T. P. & W. R'y Co. v. Pence, 71 Ill. 174.

On the trial in the County Court the plaintiff sought to recover for services in nursing the defendant while he was sick at plaintiff's house.  At time of such sickness the defendant was boarding with plaintiff, and on the trial gave in evidence a receipt for his board paid to plaintiff, which receipt also expressed upon its face that it was in full of all demands.  There was evidence tending to show that plaintiff did not intend to charge the defendant for the extra services in caring for defendant in his sickness.  As this case must be tried again, this question whether the plaintiff did or did not intend to make any charge for such services, can be properly submitted to the jury, and if it should appear that such extra care was a gratuity on part of plaintiff he should not now be allowed to recover for it in this action.

We express no opinion upon the weight of the evidence in the case, as the judgment must be reversed and the cause remanded for the error noted.    Reversed and remanded.