# ANDREW BROWN

## v.

# ISAAC N. PHILLIPS.

1. PRACTICE—EXCESSIVE JUDGMENT.—A plaintiff cannot recover more than he claims, and if he takes judgment for more it is error.

2. INDORSEMENT ON SUMMONS—ENTRY IN JUSTICE'S DOCKET.—The amount indorsed on the summons concludes the plaintiff, and he is limited to that in his judgment. And where the entry on the justice's docket showed the amount of plaintiff's demand, it will, in the absence of the summons, be presumed to correspond with the amount indorsed on the summons.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed April 27, 1880.

Mr. JOHN H. THOMPSON, for appellant, cited Dowling v. Stewart, 3 Scam. 193; Badgley v. Heald, 4 Gilm. 64; T. P. & W. R'y Co. v. Pence, 71 Ill. 174.

Mr. W. R. MANLOVE, for appellee; that a *venditioni exponas* only compels the sheriff to do what it was his duty to do before, cited Bellingall v. Duncan, 3 Gilm. 477; Phillips v. Dana, 3

Scam. 551; Reddick v. Cloud's Adm'r, 2 Gilm. 670; Logsden v. Spivey, 54 Ill. 104.

The amount indorsed on the summons may be increased by interest: Rives v. Kumler, 27 Ill. 291; Wilson v. Van Winkle, 2 Gilm. 684; Haight v. McVeagh, 69 Ill. 624.

The absence of such indorsement will not defeat plaintiff's right of recovery: Eaton v. Graham, 11 Ill. 619.

WILSON, J.   This was a suit brought before a justice of the peace against appellant, Andrew Brown, to recover $72, alleged to have been paid by Joseph H. Humphrey to Brown by mistake. Humphrey recovered a judgment for $75 and costs, from which Brown appealed to the Circuit Court of Cook county. Humphrey having gone into bankruptcy, his assignee, Isaac N. Phillips, was substituted as plaintiff. The cause was tried in the circuit court, and resulted in a verdict and judgment for the plaintiff for $85.12, and from that judgment this appeal was taken.

If this case were to be determined solely upon its merits, as disclosed by the proofs, we should be well satisfied with the result of the trial in the court below.

It appears from the evidence that Brown obtained a judgment against Humphrey in a justice's court in McLean county, on the 11th day of June, 1874, for $115.79, and costs; that an execution thereon having been returned *nulla bona*, a transcript was filed in the circuit clerk's office of McLean county, November 11th, 1874, upon which an execution was issued to the sheriff of Iroquois county; that the execution was sent to Blades, Kay & Euans, attorneys, at Watseka, from Fraser's Mercantile Agency of Chicago, with directions to them to act in behalf of Brown by having the execution levied upon and collected out of the lands of Humphrey lying in Iroquois county; that the attorneys placed the execution in the hands of the sheriff and designated the lands to be levied on; that the sheriff levied on the lands, and afterwards sold the same upon that and two other executions against Humphrey, and out of the sale the full amount of Brown's judgment was realized and paid over to Blades, Kay & Euans, who remitted the amount

to Fraser. Fraser subsequently absconded without paying over the same to Brown. Brown denies that he authorized Fraser to make the collection, but a careful scrutiny of his testimony satisfies us that the jury were justified in believing that if the collection was not placed in Fraser's hands by Brown himself, it was done by some one in his office acting in his behalf and by his authority.

Humphrey was aware that the attorneys who acted for Brown had caused his Iroquois county lands to be levied on, and he knew that the lands had been sold by the sheriff on other executions, as he supposed, from which he subsequently redeemed; but he was ignorant of the fact that a sale had been made under Brown's execution. Acting on the belief that Brown's judgment was still unsatisfied, and wishing to free his lands from the lien of the execution, he paid Brown $75 to compromise his judgment. It is not claimed by Brown that he held any other judgment or demand against Humphrey; nor is it disputed that when Humphrey paid the $75 he was ignorant of the fact that his lands had already been sold on Brown's execution.

Under this state of facts, it would seem plain that Humphrey, having paid the money to Brown under the mistaken belief that it was still due and owing to him, was entitled to recover it back as for money had and received by Brown to his use. But while we are of the opinion that Humphrey or his assignee was entitled to recover, under the case as made, it is manifest that the amount of the recovery in the court below was too large. The plaintiff's demand when the suit was commenced, August 3d, 1877, was $72, as appears from the justice's transcript. Interest from that date to September 26th, 1879, the day on which the verdict was rendered, is $8.91, which added to the principal makes a total of $80.91; or if interest be computed to December 27th, 1879, the date of the judgment, the whole amount would be $82.29. The verdict and judgment were for $85.12, being $2.83 in excess of principal and interest which the plaintiff was entitled to recover, if interest was allowable, in reference to which, however, we express no opinion.

The law is settled that a plaintiff cannot recover more than he claims, and if he takes judgment for more, it is error. Dowling v. Stewart, 3 Scam. 195; Badgley v. Heald, 4 Gil. 64; T. P. & W. Ry. Co. v. Pence, 71 Ill. 274.

The amount indorsed on the summons and entered on the justice's docket, concludes the plaintiff. It is likened to the statement of the claim of damages in a declaration in a court where written pleadings are required, and the judgment is limited to the sum claimed.

It is objected by appellee that no copy of the summons issued by the justice, nor of any indorsement thereon, appears in the record, and that there may have been no indorsement made. The transcript of the justice, which appears in the record, gives the docket entry and commencement of the suit by the issuing of a summons, with plaintiff's demand stated at $72. In the absence of the summons the presumption would be that it corresponded with the docket entry. The transcript shows that the summons was returned by the constable personally served on the defendant, and that on the return day both parties appeared, and after one or two continuances, a trial was had. As no change was made in the docket entry as to the amount of the plaintiff's demand, he must be held to be concluded by the amount as therein stated. As was said in Ellis v. Snider, Breese, 336, " A party who presents a claim is the best judge of the extent of his claim. * * * He is to determine how much he will demand; and neither the court nor the jury have a legal right to allow more than the plaintiff claims."

As to the amount of excess recovered over the amount claimed, our Supreme Court have observed much strictness. In Badgley v. Heald, *supra*, the amount demanded was $15, and the judgment was $15.46. The court says, " The excess in the present case is forty-six cents, and although it is small, it is not so small that the maxim *de minimis lex non curat* will apply." And in T. P. & W. Ry. Co. v. Pence, where the demand was for $30, and the judgment $32.50, the court reversed the judgment, declaring the rule to be unbending that a plaintiff shall not recover more than he claims.

For the error of the court in entering judgment for more

than the plaintiff's demand, the judgment is reversed, and the cause remanded for further proceedings.

Reversed and remanded