## Trustees of Schools
### v.
## John Stoltz et al.

$\overline{26}$  $\overline{389}$
41  247₁

*Bill of Exceptions—Omission of Evidence—Presumption.*

Where the bill of exceptions does not contain all the evidence. it will be presumed that the evidence was sufficient to support the finding.

[Opinion filed November 18, 1887.]

In error to the Circuit Court of Tazewell County; the Hon. N. M. Laws, Judge, presiding.

Mr. B. S. Prettyman, for plaintiffs in error.

Mr. T. N. Green, for defendants in error.

Wall, J.   It appears from the record in this case that the bill of exceptions does not contain all the evidence which was heard on the trial in the Circuit Court.

The missing proof consists of an entry in a book of accounts made by defendant in error Stoltz, which entry is not copied in the bill of exceptions, a space occupying one-third of a page being left blank in the record.   This was offered in rebuttal by plaintiffs in error, and was, of course, considered by the court.

We have no means of knowing what it was, though apparently it referred to the payment of interest made in April, 1866, which was relied on by plaintiffs in error to take the case out of the Statute of Limitations.

It is argued by counsel that it is not important to have a copy of the entry, and that there is enough in the oral evidence to show what it was.

We are not disposed to take that view of the matter, and think the situation is the same as though the bill of exceptions failed to state that it contained all the evidence, in which

case it would be presumed there was other evidence upon which to support the finding.

It may be the entry would show that the payment referred to was not for interest in advance, but only for what had then accrued, in which event the judgment would, no doubt, be correct. It may be it would show, as counsel insist, it was for six months' interest in advance, which would raise the very important question of law discussed in the briefs. We do not feel at liberty to enter this field of speculation, however, and must therefore affirm the judgment.

*Judgment affirmed.*