## MICHAEL T. COUGHLIN

### v.

## THE GUTTA PERCHA & RUBBER MANUFACTURING COMPANY.

*Sales—Labor Rendered—Compensation—Liquidation of Accounts— Interest—Evidence.*

1. A creditor may bring suit for the recovery of money due and unpaid without waiting for the time to arrive when the debtor promises that payment shall be made.

2.   Interest may be collected upon a balance ascertained to be due on a liquidation of accounts.

3.   The term "liquidation" does not necessarily imply mutual accounts.

4.   In an action brought to recover a sum claimed to be due for goods furnished and labor rendered, this court holds that a question involving the competency or admissibility of the testimony of the book-keeper of plaintiff in relation to the contents of the bill left with the defendant, to produce which no notice had been given, can not primarily be raised herein.

[Opinion filed April 17, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. CAMERON & HUGHES, for appellant.

Messrs. WILBER, ELDRIDGE & CLARK, for appellees.

The statute provides that interest shall be allowed on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance.

This account was liquidated when it was presented to Mr. Coughlin for payment, and he agreed to pay the same.

"Where a debtor on the presentation of his account admits its correctness, and promises to pay the same, this will render it liquidated, and it will draw interest thereafter at the rate of six per cent. per annum." Haight v. McVeagh, 69 Ill. 624.

The Supreme Court of the United States, in construing the interest laws of Illinois, say:

"A sale of goods without a term of credit given is liquidated when contracted, and after the account is presented and impliedly admitted, the defendants are in default and chargeable with interest." Cooper v. Coate, 21 Wallace, 105.

Statements of the account between the parties had been sent to Coughlin, before the witness, Brown, presented one to him in person, and no objections were ever offered; this silence should be regarded as an acquiescence of the justness of the account, and it would be liquidated from that time. Wiggins v. Burkham, 19 Wallace, 129.

"A debt is liquidated when it is certain what is due, and how much is due." Clark v. Dutton, 69 Ill. 521.

Bessey v. Ruhland.

GARY, J.   This was an action of assumpsit, upon the common counts, tried by the court without a jury.

The manager of the business of the appellee, in Chicago, testified that they had supplied the appellant with goods and done work for him.   The bookkeeper testified that he presented to, and left with, the appellant a bill for the amount the appellee claimed, $247, and that the appellant said he would pay it when he got his money from the county, which he thought would be in about fifteen days.   No question was made in the case as to the competency, or admissibility of the testimony of the bookkeeper in relation to the contents of a bill left with the appellant, and to produce which no notice had been given, and no such question could now be made here.

The effect of the testimony of both witnesses put together is, that the parties had dealings with each other, and that the appellant acknowledged that, upon those dealings, he owed $247.   The appellees were under no obligation to wait the fifteen days for the payment of money due, and upon a balance ascertained to be due on a liquidation of accounts, the statute allows interest.   It is not necessary that there be mutual accounts for liquidation.   Haight v. McVeagh, 69 Ill. 624.

These views dispose of the points made by the appellant, and the judgment is affirmed.

*Judgment affirmed.*