Redner v. Davern.

---

## ALEX. W. REDNER
### v.
## JERRY DAVERN.

*Practice—Judgments and Decrees.*

1. A judgment can not exceed the amount of the plaintiff's claim indorsed on the justice's summons when the action was begun, unless the excess is made up of interest accruing after the date thereof.

2. Where the bill of exceptions does not purport to contain all the evidence, it is always presumed that evidence was introduced which authorized the verdict.

3. This rule is applicable when the bill of exceptions states the tendency of the proof instead of setting forth the evidence. Unless it is stated that no evidence tending to support any other conclusion or inference than what is stated in the bill was introduced, the presumption will be that there was proof tending to support conclusions that would sustain the judgment.

[Opinion filed July 23, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Mr. RUFUS KING, for appellant.

Messrs. BANTLE & FRAZIER, for appellee.

MORAN, P. J.    This appeal is prosecuted to reverse a judgment for $73.50, recited in the record to be for wages due from the defendant to the plaintiff.

The ground for reversal is that the judgment exceeds by $2.50 the amount indorsed as the plaintiff's demand on the justice's summons when the action was commenced. It is shown by the summons in the record that the demand indorsed was $71, and that was the amount of the judgment before the justice of the peace.

From the justice's judgment, which was rendered on January 14, 1889, defendant took an appeal to the Circuit Court, where a trial was had on January 26, 1891, and the judgment now complained of rendered.

It has been repeatedly decided that the judgment can not exceed the amount of the plaintiff's claim indorsed on the summons (Dowling v. Stewart, 3 Scam..194; Badgly v. Heald, 4 Gilm. 64; Eaton v. Graham, 11 Ill. 619; T. P. & W. Ry. Co. v. Pence, 71 Ill. 174; Bullock v. Carpenter, 3 Ill. App. 462; Brown v. Phillips, 6 Ill. App. 250) unless the excess is made up of interest accruing after the date of the summons. Rives v. Kumler, 27 Ill. 290; Welch v. Karstens, 60 Ill. 117; Haight v. McVeagh, 69 Ill. 624.

From the rendering of the judgment before the justice to the judgment in the Circuit Court, considerably more than $2.50 interest would accrue on the $71. As the verdict was in favor of appellee, it must be assumed that he has the merits. The point made for reversal is purely technical, and is urged for the defeat and not for the promotion of justice. The court must be astute in defense of the judgment and render a technical answer to a technical point. The bill of exceptions

Redner v. Davern.

does not purport to set out the evidence adduced on the trial, but states that the plaintiff "introduced witnesses and his book account, tending to prove that the defendant was indebted to him for and on account of labor done by the plaintiff for the defendant, his book account for labor with payments by the defendant credited, and tending to prove that defendant was still indebted to him." And that the "defendant introduced evidence tending to prove that the plaintiff was fully paid for all his labor, and that the defendant was not indebted to the plaintiff in any sum."

There is no statement in the bill of exceptions that this was all that the evidence tended to prove, therefore we must presume that there was proof which authorized the allowance of interest, or that there was an account stated, which is not inconsistent with the statements in the bill of exceptions, or that there had been a vexatious delay of payment, in either of which cases interest might be allowed. "In case of a note on interest, and in other cases where interest is demandable of right, an increase in the recovery for that cause would not be erroneous." Dowling v. Stewart, 3 Scam. 194. In that case the demand was not one on which interest could be recovered.

In Height v. McVeagh, *supra*, the judgment in excess of the amount indorsed on the summons was sustained, on the ground that such excess was the accumulation of interest on an account stated.

Where the bill of exceptions does not purport to contain all the evidence, it is always presumed that evidence was introduced which authorized the verdict. Blanchard v. Burbank, 16 Ill. App. 375; Trustees v. Stoltz, 26 Ill. App. 389; First Nat. Bank v. Haskell, 25 Ill. App. 616; Chicago City Ry. Co. v. Duffin, 24 Ill. App. 28.

This rule is applicable when the bill of exceptions states the tendency of the proof instead of setting forth the evidence. Unless it is stated that no evidence tending to support any other conclusion or inference than what is stated in the bill was introduced the presumption will be that there was proof tending to support conclusions that would sustain the judgment.

"Whenever a party has so framed his bill of exceptions as

to leave room for presumptions, such presumptions must be indulged in as will support the judgment of the court below." Johnson v. Glover, 19 Ill. App. 585.

"It is familiar doctrine that appellate tribunals will indulge in all reasonable presumptions in favor of the action of the court below, in order to sustain the judgment or decree reviewed." Schmidt et al. v. Braley, 112 Ill. 48.

Applying these well established rules, in reviewing the record in this case, we are able, and it is our duty to sustain the judgment appealed from, and it will therefore be affirmed.

*Judgment affirmed.*