Clark v. Clark.

## Catherine Clark v. Turner A. Clark.

1. *Married Women—Rights and Liabilities—Intermarriage of Debtor and Creditor as a Release.*—Under the common law a husband could not sue his wife, because they were one, nor could she be indebted to him because she had no power to contract with him during coverture, and all her indebtedness, to whomsoever contracted, by the marriage, became chargeable to him. Such indebtedness as to him must have been thereby extinguished since he could not be debtor to himself.

2. *Marriage of Debtor and Creditor.*—A woman being indebted to a man for money loaned, married him. He afterward sued her for the money and she pleaded the marriage as a release. *It was held*, in view of the change made by the statute in regard to husband and wife, that marrying her creditor did not discharge the debt.

3. *Husband—Legal Liability at Common Law.*—A husband's liability at common law rested solely upon the reason that by the marriage, he acquired such a legal right in whatever property she had, and such control of her labor and earnings, as deprived her of the means of payment.

4. *Married Women's Acts—Effect on the Common Law.*—The act to protect married women in their separate property, approved February 21, 1861, did not abrogate the common law rule of the husband's liability, because it still left to him the wife's earnings; but the act of March 24, 1869, in relation to the earnings of married women, by divesting him of that right, swept away the last vestige of the reasons upon which the rule rested, and therefore the rule itself must cease.

5. *Married Women—Statutory Rights.*—The act of March 30, 1874, to revise the law in relation to husband and wife, abolished the common law rule of the husband's liability and freed the wife from the disabilities and the husband from the liabilities imposed by the common law.

Memorandum. Assumpsit for money loaned. Writ of error to the Circuit Court of Champaign County to reverse a judgment rendered in favor of the plaintiff; the Hon. Francis M. Wright, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed June 26, 1893.

The statement of the case is contained in the opinion of the court.

Plaintiff's Brief, J. O. Cunningham, Attorney.

At the common law the husband, upon marriage, became liable for his wife's debts. 2 Kent's Commentaries, 126. The act of 1861, concerning the rights of married women, did not

change this rule. Connor v. Berry, 46 Ill. 370; McMurtry v. Webster, 48 Ill. 123.

This rule prevails whether the wife brings to her husband any personal property or power to earn money or not, and grows out of the relations existing between the parties. 2 Kent's Commentaries, 127.

DEFENDANT'S BRIEF, JOHN J. REA, ATTORNEY.

As the parties were married on the 20th day of November, 1890, this case should be governed by the law in existence at the time of their marriage, and not by the law as it existed prior to the act of 1874. This act makes a radical change in the law governing the relation of husband and wife concerning their property. "Should either the husband or wife unlawfully obtain or retain possession or control of property belonging to the other, either before or after marriage, the owner of the property may maintain an action therefor, or for any right growing out of the same in the same manner and to the same extent as if they were unmarried." Star & Curtis, Chap. 68, Page 1278, Sec. 10.

The burden of proving a discharge of an indebtedness is always on the party pleading it. Messmore v. Larson, 86 Ill. 268; Watt v. Kirby, 15 Ill. 200; Bonnell v. Wilder, 67 Ill. 327; Union National Bank v. Baldenwick, 45 Ill. 375.

OPINION OF THE COURT, WALL, P. J.

The parties are husband and wife, married in 1890, but now living apart. This suit was brought by the husband against the wife for money lent at her request before the marriage. Pleas of non-assumpsit, the statute of limitations and releases were filed, on which issues of fact were joined. A verdict was returned for the plaintiff, a new trial denied and judgment rendered for the damages assessed and costs.

Though the parties contradicted as to the alleged loans, there was sufficient corroboration of the plaintiff to support the findings that they were made, and within five years before the commencement of the suit. No release was claimed except as the legal effect of the intermarriage. The

only question for our determination therefore, is, whether such was its effect.

Under the common law, of course, this action could not be maintained. The husband could not sue his wife, because they were one. Nor could she be indebted to him, because she had no power to contract with him during coverture, and all her indebtedness, to whomsoever previously contracted, by the marriage became chargeable to him. Such indebtedness as to him must have been thereby extinguished, since he could not be debtor to himself.

This legal liability rested solely upon the reason that by the marriage he acquired such a legal right in whatever property she had and to so control her labor and earnings as deprived her of the means of payment. While it applied in all cases, whether she brought to him much or little or no property, or was or was not able to earn any by her labor, it rested alone upon the reason stated. Whatever of force in support of it may be drawn from a consideration of the peculiar and tender personal relations of the parties is moral or sentimental only, not legal. Hence it was held that the " Act to protect married women in their separate property," approved February 21, 1861, did not abrogate this common law rule of the husband's liability only because it still left to him the wife's earnings (Connor v. Berry, 46 Ill. 370; McMurtry v. Webster, 48 Id. 123); but that the act of March 24, 1859, " in relation to the earnings of married women," by divesting him of that right also, " swept away the last vestige of the reasons upon which that rule rested," and therefore " the rule itself must now cease." Howarth v. Warmser, 58 Ill. 48; Martin v. Robson, 65 Id. 138; Haight v. McVeagh, 69 Id. 624. Finally, the act of March 30, 1874, to revise the law in relation to husband and wife (R. S. Ch. 68) abolished it in terms, and went much further in freeing her from the disabilities and him from the liabilities imposed by the common law. Among other things, it provides that she may contract with him as fully and freely as if she were sole, except for compensation to either for labor performed or services rendered for the other. Hamilton v.

Hamilton, 89 Ill. 349; Thomas v. Mueller, 106 Id. 36. She may contract with others as feeely, except that she must have her husband's consent in order to enter into or carry on any partnership business. She may sue and be sued alone, and liabilities incurred by her contracts may be enforced by attachment or judgment, as if she were a single woman.

The contracts here sued on were not made under the statute, that is, between husband and wife, but were valid when made, at common law, and nothing has since occurred to invalidate, release or extinguish them. Appellant's liability for the indebtedness thereby incurred was not cast upon appellee by their subsequent marriage. The law then and still in force expressly left it upon her and her alone. These statutes are enabling acts, and though in derogation of the common law, the Supreme Court in Haight v. McVeagh, *supra*, declared it to be its settled policy to give them a liberal construction to effectuate the manifest intention of the legislature. If, by virtue of them, husband and wife may assume the relation of debtor and creditor, such a construction would enable them to continue in that relation as assumed before the marriage, if nothing in the statute appeared to prevent it; and the debt, whether contracted during or before the marriage, being valid and subsisting, the creditor must have the appropriate means of enforcing its payment against the debtor.

We are of opinion that the judgment of the Circuit Court was right and it will be affirmed.