## Robert Wahl v. Adolph Wedel.

### Gen. No. 13,349.

1.  AD DAMNUM—*propriety of amendment of, in action instituted before justice.*   It is proper even after verdict to permit an amend-ment of the *ad damnum* fixed in an action commenced before a justice of the peace, by indorsement on the summons.

2. AMENDMENT—*when order allowing, operates to effect, without filing of new or amended plea.* Where a motion in form as follows: "that the *ad damnum* be increased" is allowed, no formal amendment of the plea or paper so amended need be filed.

Action commenced before justice of the peace. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed July 1, 1907.

WALTER F. HEINEMANN, for appellant.

WALTER J. MILLER, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

January 31, 1906, appellee, Adolph Wedel, a farmer of Shermerville in Cook county, brought suit against the appellant, Robert Wahl, a physician of Chicago, before a justice of the peace in Glencoe in Cook county, for "a failure to pay him a certain demand not exceeding two hundred dollars." On the back of the summons which was issued was the notation:

Sum demanded.................$25.00
Costs due,......................  4.35
                                  ———
            Total               $29.35."

Judgment for $22.25 and costs was rendered by the justice for the plaintiff on February 26, 1906, after hearing witnesses in the absence of defendant, who did not appear. The defendant appealed to the Superior Court.

Being ruled to furnish a bill of particulars of his claim in the Superior Court, the plaintiff filed, under the proper entitlement of the cause, the following paper, which shows the nature of his demands:

"The above cause of action is brought to recover damages sustained by the plaintiff because of the automobile of the defendant causing the horse of the plaintiff to run away and causing loss to the plaintiff as follows:

| | | | |
|---|---|---|---|
| Damages to Horse, | | | $50.00. |
| " | " Lap-robe, | | 1.00. |
| " | " Whip, | | .50. |
| " | " Dashboard, | | 2.50. |
| " | " Overcoat, | | 12.00. |
| " | " Wheels of buggy, | | 2.00. |
| " | on account of being deprived of the use of the buggy for two weeks, | | 7.00. |

Total,   $75.00."

The jury to whom the cause was left in the Superior Court, under certain instructions tendered by the defendant (the plaintiff asking none), found the issues for the plaintiff and assessed his damages at $50.

A motion for a new trial and one in arrest of judgment were denied by the trial judge, who gave judgment on the verdict for $50, the bill of exceptions reciting that after the verdict, and before the judgment, the plaintiff, by his counsel, moved that the *ad damnum* be increased to seventy-five dollars, which motion was "(over the objection and exception of the defendant)" allowed by the court. This appeal was then taken.

In this court it is argued that the court below erred in allowing a verdict to stand and entering a judgment for $50, when the demand noted on the back of the summons was only for $25, and that it erred also in not granting a new trial on the ground that the weight of the evidence was against the verdict, and in the admission of improper evidence and in refusing proper instructions.

It must be conceded that in a trial in the Circuit or Superior Court in an appeal from a justice, the plaintiff is restricted to the amount indorsed on the original summons in default of an amendment thereto. But we think there is in the case at bar no doubt whatever that such an amendment was affected by the order of the court after verdict. We are as little in doubt that this was quite within the right of the court.

Counsel imply that the sum mentioned in the sum-

mons must have been erased and another inserted before an amendment could be said to be actually made. That is not the proper theory of amendments to process or pleadings. Such a course would have been an unjustifiable tampering with the record. Counsel cite cases where leave to amend was held not to be tantamount to an actual amendment, but that is not the condition here. The bill of exceptions does not recite a motion for "leave to amend," but a motion "that the *ad damnum* BE increased," "which motion was allowed." Nothing more then remained to make the amendment complete. It had been effectively made by the order. The amount indorsed on the summons of the justice of the peace has been formally declared to be the same thing as the *"ad damnum"* in a case with formal pleadings. T., P. & W. R. Co. v. Pence, 71 Ill. 174.

As early as 1857 the Supreme Court decided that an original summons from a justice of the peace might be amended. Since then even more liberal statutes of amendment have come in force. Rev. Statutes, chap. 7, sec. 1, chapter 110, sec. 23. The trial before the Superior Court was a trial *de novo*. If the amount indorsed on the summons was an *"ad damnum,"* it certainly was capable of amendment at any time before final judgment.

It is, however, strenuously insisted that whether allowable in law or not, the amount of the judgment in fact is exorbitant. At the time of the accident, defendant says, the plaintiff was willing to settle for $2, the justice gave him only $22.25 on default, and yet the jury in the Superior Court found a verdict for $50, which the trial judge sustained.

We see nothing in all this which would justify us in disturbing the assessment of damages by the jury in the final instance. There was evidence introduced tending to show damages to the horse which developed after the accident. The plaintiff's willingness to settle at a small amount may have been the result of a cer-

tain fear of the uncertainties of the law, which might not have been unprofitable to the defendant when he took his appeal from the justice to a jury in the Superior Court.

We have little doubt the judgment fully covers the plaintiff's loss; perhaps it more than covers it. But we cannot put ourselves in the jury's place for an assessment of damages in a case like this.

It is said, however, that the weight of the evidence showed that there should be no recovery, large or small; that the defendant was not shown to be in fault. Defendant evidently thinks that a prejudice against an automobilist as such prevented his getting a fair trial. We do not think there is sufficient ground in the record to justify us in taking this position. Undoubtedly until automobiles have become on all the highways and country roads so common that horses will not take fright from them (a consummation rapidly approaching), there will be a natural and justifiable feeling that the older methods of conveyance are entitled to protection from the more modern and speedy one. The Legislature evidenced this feeling when by the act of May 13, 1903, it provided that in any action brought to recover any damages either to person or property, caused by running an automobile at a greater rate of speed than fifteen miles an hour, the plaintiff shall be deemed to have made out a *prima facie* case by showing the fact of such injury, and that such person driving such automobile was at the time of the injury running the same at a speed in excess of fifteen miles an hour, and that whenever it shall appear that any horse driven or ridden by any person upon any street, road or highway is about to become frightened by the approach of an automobile, it shall be the duty of the person driving or conducting such automobile to cause the same to come to a full stop until such horse has passed.

The evidence in this case was conflicting, but it was for the jury to decide whether the defendant was to

blame for the accident. They have decided that he was, and we do not feel it a case in which we ought to overrule their judgment.

We see nothing in the rulings on evidence erroneous, and we think the instructions given covered the law of the case.

The judgment of the Superior Court is affirmed.

*Affirmed.*