DAVID C. BRENT

*v.*

DYKEMAN SHOOK.

</div>

1. PLAINTIFF — *description of, in summons and declaration.* The plaintiff, in the summons and his declaration, described himself as "Dykeman Shook, administrator of the estate of Thomas Evarts, dec'd," but made no profert of letters of administration: *held*, that the suit was in his individual right, and that "administrator," etc., was only description of the person, and that profert of his letters was not proper.

2. SUMMONS — *service on only one of two defendants.* Where two defendants are sued, and the sheriff returns but one served, and makes no return as to the other, it will be presumed that he was not served; and it is not error to take judgment against the defendant who was served, without issuing an alias summons, or a *scire facias*, to bring the defendant not served into court.

APPEAL from the Circuit Court of Warren county; the Hon. JOHN S. THOMPSON, Judge, presiding.

Brent and Brown were sued, by Dykeman Shook, in the Warren Circuit Court, at the March term, 1864, and the sum-

mons was returned served upon Brent, but no return as to Brown.

At the March term, " the defendants appeared by attorney, and on his motion," this cause was ordered to be continued to the October term, for want of a declaration, at the plaintiff's cost, to be paid in due course of administration.

The summons requires defendant to appear and answer the complaint of Dykeman Shook, Sen., administrator of the estate of Thomas Evarts, in a plea of assumpsit.

On the 22nd day of March, 1864, plaintiff filed his declaration: "Dykeman Shook, Sen., administrator of the estate of Thomas Evarts, deceased, complains of Brent and Brown, that on the 11th day of January, 1861, they made their note in writing and delivered same to plaintiff, by which note defendants promised to pay plaintiff, under the name of Dykeman Shook, Sen., administrator of Thomas Evarts, deceased, etc., and in consideration thereof, defendant promised plaintiff to pay him," etc.

There are several common counts, all upon promises of defendants to plaintiff, (not as administrator, but personally,) general breach, but no letters of administration attached, or profert made.

At the October term, Brent filed a general demurrer to each count, and the following special causes of demurrer were specifically named:

1.  For that said plaintiff fails to set out his letters testamentary as administrator of said estate of Thomas Evarts, deceased.

2.  For that profert of said letters testamentary is not made.

3.  For that the said promises, and each of them, of said defendants, are alleged to have been made to said plaintiff personally, and not to him as administrator aforesaid, in each and all of said counts.

4.  For that said note set forth in said first count, is alleged to have been made to said plaintiff personally, by a certain style and description, and not to him as administrator aforesaid.

The court overruled the demurrer, and the defendant, Brent,

abiding by the demurrer, the court gave final judgment on the demurrer against Brent, upon an assessment of the amount by the clerk.     From which judgment Brent appealed to this court. No order or judgment was taken against Brown, nor was there any alias summons or *sci. fa.* sued out against him.

The case is brought to this court by defendant on appeal, and he assigns the following errors:

1.   The court erred in refusing to sustain said general demurrer, and overruling the same to each and all of said counts of said declaration.

2.   The court erred in refusing to sustain said special causes of demurrer, and each of them, to said declaration, and to each and all of the counts of the same.

·3.   The court erred in rendering judgment against appellant alone, when Thomas Brown, his co-defendant, was before the court by appearance of attorney.

4.   The court erred in rendering judgment against appellant alone, when it does not appear, from the return of the sheriff whether his co-defendant, Brown, was served with process or not.

5.   · The court erred in allowing the clerk to assess the damages upon the demurrer and rendering judgment therefor.

6.   The proceedings of the court upon the demurrer and the judgment thereon were informal and erroneous.

Messrs. A. G. & I. KIRKPATRICK, for the Appellant.

Mr. JOHN J. GLENN, for the Appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

We are asked to reverse the judgment of the court below, because the demurrer to appellee's declaration was overruled. It is insisted that appellee sued as administrator and failed to make profert of his letters of administration, and that the declaration was for that reason defective.   He is described in the declaration as Dykeman Shook, Sen., administrator of the estate

of Thomas Evarts, deceased. But there is no averment that he was administrator, or that he sued as such. This description of appellee does not indicate that he sued in his representative capacity. It simply distinguishes him from all other persons of the same name. It is merely a description of the person, and this being so, it was unnecessary to make profert of the letters of administration.

It is likewise insisted that the court erred in rendering judgment against one defendant when both were in court. By the sheriff's return it appears that Brent was served, but no return is made as to Brown. The cause was continued at the return term, by an order which recites that, "this day came defendants by attorney, and on his motion it is ordered, by the court, that this cause be continued," etc. The order seems to be contradictory, as the person or persons, whichever it be, is referred to in both the singular and plural number. But we see that Brent was alone served with process, and he alone filed a demurrer, nor is there anything else in the record to indicate that Brown ever entered his appearance, until this entry was made by the clerk. We see the attorney avoided entering his appearance, or doing anything by which it might be inferred that such was the design. We must therefore conclude that it was a clerical error in writing "defendants" in the plural when the singular was intended. This was easily done, as the addition of a single letter made the change.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*