JAMES WELCH

*v.*

PETER KARSTENS.

</div>

60   117
41a 246
60   117
64a   90
60      117
106a ¹597

1. JUSTICE OF THE PEACE—*recovery of interest in excess of the amount endorsed on the summons.* In a suit upon an account before a justice of the peace, the plaintiff recovered a judgment for the full amount endorsed on the summons. The defendant appealed to the circuit court, where the

plaintiff recovered a judgment for the full amount of his claim with the addition of interest thereon and ten per cent damages for the delay in taking the appeal: *Held*, the fact that the judgment exceeded the amount endorsed on the summons by the amount allowed for interest and damages did not vitiate it.

2.   The justice trying the cause had a right, under sec. 28 of chap. 59 R. S. 1845, which provides that if the judgment is rendered upon any note or bond or for a balance upon a settled account, the justice shall allow interest from the time when the same became due and include the same in the judgment, to allow interest from the time when the account was demanded and payment promised.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. H. B. STEVENS and Mr. THOMAS SHIRLEY, for the appellant.

Messrs. BENNETT & SHERBURNE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a suit before a justice of the peace, and no defense made.   The plaintiff recovered a judgment for the full amount endorsed on the summons.   The defendant appealed to the circuit court.   A trial was there had, and a judgment rendered against the defendant for the amount of plaintiff's claim, with the addition of interest thereon, and ten per cent damages.

Appellant complains that the amount so found exceeds the amount endorsed on the summons, and vitiates the judgment. This objection has no force.

By the act of 1845, R. S. 319, sec. 28, the justice trying the cause had a right to allow interest from the time the account was demanded and payment promised.   This account had been admitted months before the trial.

In *Dowling* v. *Stewart*, 3 Scam. 195, it was held, an increase in the recovery beyond the amount claimed on the summons, occasioned by the accrual of interest, would not be erroneous. By the practice act of 1845, R. S. 421, sec. 58, it is provided,

in cases of appeals to the circuit court from judgments of justices of the peace, the appellee shall be entitled to judgment not exceeding ten per cent damages upon the amount of the judgment, if the court shall be satisfied the appeal was prosecuted for delay. That the court decided this appeal was taken for delay, there can be no doubt, as the evidence shows defendant had, several times, admitted the justice of the account, and promised to pay it.

No defense was made on the merits, but a captious objection raised that the handwriting of the justice who issued the summons was not so legible as it should have been, whereby the name of the plaintiff was incorrectly written. There was no plea of misnomer before the justice, or in the circuit court.

We perceive no error in the record, and affirm the judgment.

*Judgment affirmed.*