## DOWNING *v.* FLORER et al.

The jurisdiction of a justice of the peace, the court being one of inferior jurisdiction, must affirmatively appear. The county court can only take cognizance by appeal of causes from justices of the peace which were rightfully commenced there.

*Error to County Court of Arapahoe County.*

FLORER and his copartner brought an action against Downing, the plaintiff in error, before a justice of the peace; judgment went against the defendant in that court by default, and he appealed to the county court. The county court, notwithstanding the objection of the defendant to its jurisdiction, proceeded with the cause and rendered judgment in favor of the appellees in that court. To reverse this judgment the plaintiff in error sued out this writ of error.

Messrs. FRANCE & ROGERS, for plaintiff in error.

Messrs. PATTERSON & CAMPBELL, for defendants in error.

ELBERT, J. Section 103 of the Justices Act, R. S., p. 418, provides that suit shall be commenced before justices in the township in which the debtor or person sued resides, unless the cause of action accrued in the township in which the plaintiff resides, in which case the suit may be commenced where the cause of action accrued or is specifically made payable.

In the case of *Melvin* v. *Latshaw*, 2 Col. 81, it was held that by this section, "the residence of the defendant in the township where the suit is brought, or in the absence of that, the fact that the cause of action accrued or the sum of money was payable in such township, is essential to the jurisdiction of the justice, and proof of these facts may be required." * * that "residence of the defendant in the township, or that being wanting, the fact that the

cause of action accrued there, is made a substantive ground of jurisdiction of which the defendant may demand proof in the district court as well as before the justice."

The county court can only take cognizance by appeal of causes from justices of the peace, which were rightfully commenced there. If the justice had no jurisdiction, the appellate court acquires none by appeal. *Allen* v. *Belcher*, 3 Gilm. 594; *People* v. *Skinner*, 13 Ill. 287.

The rule of jurisdiction is " that nothing shall be intended to be out of the jurisdiction of a superior court, but that which especially appears to be so, and on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court, but that which is expressly alleged." *Peacock* v. *Bell*, 1 Saund. 74.

All the evidence taken before the appellate court purports to be preserved in the bill of exceptions, and there is nothing disclosing the existence of any of the jurisdictional facts specified in section 103. We cannot presume their existence in favor of the jurisdiction of the justice, and cannot therefore say that either the justice or appellate court had jurisdiction of the action. There was no submission, either express or implied, to the jurisdiction of the appellate court ; on the other hand, the record shows that the defendant interposed the defense of want of jurisdiction. The objection being taken it was incumbent on the plaintiff to show affirmatively the jurisdiction of the justice. In the absence of such proof it was the duty of the court below to dismiss the cause.

The judgment of the court below is reversed with directions that the cause be dismissed without prejudice.

*Reversed.*