*Karr & Shackelford,* for plaintiff in error.

*Aaron Heims* and *A. J. Miller,* for defendant in error.

———————— ▶●◀ ————————

# THE DENVER, SOUTH PARK & PACIFIC RAILROAD COMPANY *v.* ROBERTS.

(*Supreme Court of Colorado, December Term, 1882—Appeal from the Chaffee County Court.*)

1.  JURISDICTION—PLACE WHERE CAUSE ACCRUED.   In an action for lost baggage, the cause of action accrues at the place where the baggage should have been delivered by the carrier.

2.  SAME—WAIVER OF OBJECTION TO.  Where the law confers original jurisdiction of the subject matter, full appearance without objection confers upon the Court jurisdiction of the person.   It is too late to object to jurisdiction after such appearance, and after consenting that the case be set for trial, especially in case of an appeal from justice, where the party also appeared without objection to the jurisdiction.

3.  LOST BAGGAGE—EVIDENCE.   In an action for lost baggage, evidence that the plaintiff arrived at Denver with his baggage, bought ticket over defendant's road to Buena Vista, and surrendered his baggage check, receiving in lieu thereof a check from defendant, and that upon arriving at Buena Vista and presenting said check, defendant tendered him a

trunk not his own, and failed to deliver his trunk, is sufficient to support a finding for plaintiff.

BECK, J. This was an action brought originally before a justice of the peace of Alpine precinct, in Chaffee county, by Roberts, the appellee, against the Denver, South Park and Pacific Railroad Company, for the value of a trunk and its contents, claimed to have been delivered by the plaintiff to the defendant at the Union Depot, in Denver, to be shipped to Buena Vista, in said Chaffee county. Summons was issued by the justice of the peace August 18, 1880, returnable on the 25th day of the same month.

On the return day the defendant appeared by an agent, and prayed a continuance of the action until the first day of September, which was granted. It failed to appear, however, or to interpose any defense on the day to which the cause was adjourned, and the plaintiff had judgment.

The defendant thereupon appealed to the County Court of said Chaffee county, and afterwards by its counsel made a full appearance in the cause in the latter Court, without interposing any objection to its jurisdiction, and consented that the cause be set down for trial at a future day, and it was so ordered.

The record upon this point is as follows: "And afterward and upon the sixth day of December, 1880, came the parties aforesaid, by their respective attorneys, Messrs. Stone and Stone appearing for the plaintiff, and H. C. Dillon for the defendant, and by consent of both parties, this cause is set for trial on the 11th day of December, 1880."

On the day appointed for the trial the defendant appeared by its counsel, and filed a plea to the jurisdiction, alleging substantially that the justice of the peace had not jurisdiction of the case, because the cause of action did not accrue in Chaffee county, or in the precinct of Alpine; that at the time the suit was instituted the defendant did not reside in the precinct of Alpine; and that the cause of action accrued in the City of Denver, Arapahoe county, where the defendant had its chief office.

This plea to the jurisdiction was overruled, and the ruling of the Court is made the ground of the first assignment of error.

That the cause of action arose in Chaffee county clearly appears from the testimony adduced upon the trial. The contract of the defendant was to transport the plaintiff and his· baggage to Buena Vista. It was when plaintiff arrived at the latter point, presented his check and demanded his trunk, and the defendant's agent failed to produce it, that a right of action accrued. The suit was, therefore, properly brought in Chaffee county. The statute provides that suits against corporations may, in all cases, be brought in the county where the cause of action accrued. Gen: Laws 1877, p. 153, Sec. 30.

The further objection presented by the plea to the jurisdiction of the justice, that the cause of action did not arise in the precinct of Alpine, was predicated upon section 101 of the Justice's Act, General Laws, p. 571, which is as follows:

Suits shall be commenced before justices in the township where the debtor or person sued resides, unless the cause of action occurred in the township in which the plaintiff resides, in which case the suit may be commenced where the cause of action accrued, or is specifically made payable.

The first section of the act (General Laws, p. 545), confers jurisdiction upon justices of the peace to hear and determine all suits of this character "in their respective counties;" and section 101 was added subsequently to the passage of the original act, as a limitation upon the first section.

It was held in *Melvin* v. *Latshaw*, 2 Colo., 84, that by this section, "the residence of the defendant in the township, or that being wanting, the fact that the cause of action accrued there, is made a substantive ground of jurisdiction," which is not waived by taking an appeal from the justice's court.

The question did not arise in that case, however, whether it might not be waived by making, as in this case, a full appearance in both Courts, and consenting to a trial of the cause at a future day, without interposing at the time of such appearance, an objection to the jurisdiction under *Sec.* 101, or giving notice that the jurisdiction of the Appellate Court would be challenged on the trial under the provisions of that section. On the contrary, in *Melvin* v. *Latshaw*, a motion to dismiss for want of jurisdiction under said section was made and overruled in the justice's court, and the same objection to the jurisdiction interposed by plea in the Appellate Court.

In the case of *Downing* v. *Florer et al.*, 4 Colo., 209, also cited by appellant's counsel, judgment went by default before the .justice, and the objection to the jurisdiction appears to have been timely made in the Appellate Court.

Justice Elbert, who delivered the opinion in the latter case, says: "There was no submission, either express or implied, to the jurisdiction of the Appellate Court; on the other hand, the record shows that the defendant interposed the defense of want of jurisdiction."

The section under consideration was added to the original justice's act, as stated in *Wagner et al.* v. *Halleck et al.*, 3 Colo., 182, for the purpose of correcting an abuse.

In the latter case the Court say: "Debtors were sued in tribunals distant from their places of residence, and the cost and vexation of litigation were thereby unnecessarily and oppressively increased. As a security against such abuses, this section was adopted, giving resident debtors a *forum* at their own doors."

Such being its object, its provisions are not fundamental to the jurisdiction, as are the provisions of section 47 of said act, which relate to the subject matter of the suit. In respect to the latter section it has been repeatedly held that consent cannot confer jurisdiction. Section 101 may, however, be regarded as covering a personal privilege enacted for the convenience of the debtor, which, like the service of process, he may waive or insist upon at his election.

We think the provisions of this section were waived by the .defendant in the present case. He entered a full appearance to the action in the County Court, and consented to go to trial upon a future day without interposing any objection to the jurisdiction. No such objection had been interposed before the justice. It was, therefore, too late on the day mutually agreed upon by the parties for trial, to plead this privilege. Having been waived, it could not be revived at the pleasure of the defendant.

The case comes within the principle announced in *Randolph County* v. *Ralls*, 18 Ills., 31: "Jurisdiction of the subject matter cannot be conferred upon a Court by the consent of the parties, nor can want of it be waived; but where the law con-

fers upon the Court original jurisdiction of the subject matter, full appearance without objection confers upon the Court jurisdiction of the person, and it may then be adjudicated."

The other errors assigned question the sufficiency of the evidence to support the finding and judgment of the Court below.

The evidence clearly establishes the undertaking of the defendant to transport the plaintiff and his baggage to Buena Vista.

Plaintiff arrived by the Kansas Pacific Railroad cars at the Union Depot in Denver, from Chicago, April 7, 1880. He held a through check for his trunk, and saw it unloaded from the baggage car of the train upon which he arrived. He immediately purchased a ticket over defendant's road to Buena Vista; surrendered his duplicate check to defendant's baggage agent, receiving in return, check 609 mentioned by the witnesses.

These facts are evidence that the defendant received the plaintiff's trunk, and agreed to transport both him and his trunk to Buena Vista.

Upon his arrival at the latter point he presented his check and was offered a zinc trunk instead of his own, which was a russet trunk. Add to this the further fact that the zinc trunk was immediately returned to Denver by the defendant, and surrendered to a passenger who, as defendant's baggage agent testified, "held a Hannibal and St. Jo. check for it, and who proved ownership and took it away," and the conclusion necessarily follows, that defendant's agent in Denver, after receiving the plaintiff's trunk, and stripping off the Chicago check, by mistake checked for him the wrong trunk to Buena Vista.

Both the law and the evidence are with the plaintiff. Redfield on Carriers, Secs. 71, 73.

The judgment is affirmed.                    *Judgment affirmed.*

*Charles & Dillon,* for appellant.

(*No appearance by appellee*).