### BEHYMER ET AL. v. NORDLOH.

1. JURISDICTION OF JUSTICE OF THE PEACE — WHEN MAY BE SHOWN ON APPEAL.— A justice of the peace having no jurisdiction over the subject-matter of an action, the county court acquires none by an appeal from the judgment where the appellee insists in apt time upon such objection; but the omission of a justice to record in his docket "the amount and nature of the debt" sued for, as required by General Statutes of 1883, section 2061, is not a fatal jurisdictional defect where both parties appear in the county court and go to trial on the merits, as in such case the jurisdiction of the justice may be shown by the evidence.

2. JURISDICTION OF COUNTY COURT — WHEN PRESUMED ON APPEAL.— On appeal from the judgment of the county court, where the. evidence produced upon the trial therein has not been preserved by bill of exceptions, it will be presumed that the proofs were sufficient to sustain its jurisdiction on appeal from the judgment of the justice of the peace.

### *Appeal from County Court of Arapahoe County.*

THIS action was commenced before a justice of the peace in April, 1883, by the appellee, William Nordloh, and a summons was issued in statutory form and duly served on the appellants, Henry M. Behymer and St. Clair Ross. The justice of the peace did not record in his docket the nature of the debt sued for, but did note that the amount was $80. At the time fixed for trial, plaintiff failing to appear was nonsuited, and thereupon the plaintiff appealed to the county court. Both parties appeared in the county court and went to trial without objection, and plaintiff recovered judgment for $93.65. This was nearly two years after the commencement of

the action. Defendants thereupon prayed an appeal to this court, and their appeal bond was duly filed and approved. Nearly a month thereafter defendants filed their motion in arrest of the judgment so rendered upon grounds in substance as follows: (1) That the justice had no jurisdiction of the subject-matter of the action for the reason that the record and proceedings of the justice did not state the nature of the debt sued for, and that for the same reason the county court had no jurisdiction on appeal; (2) that the judgment was in excess of the amount sued for, as appearing on the justice's docket; (3) that a justice of the peace has no jurisdiction of a cause where a guardian or minor is plaintiff, and that the county court cannot acquire jurisdiction of such a cause by appeal; (4) that the suit was not in the name of the minor by his guardian. The assignments of error are substantially like the motion in arrest of judgment.

Messrs. E. P. HARMON and W. W. COVER, for appellants.

Mr. J. F. SHAFROTH, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Were the question *res nova* in this state there would be ground for contending that the statute (Gen. Stat. § 2061) requiring the justice to record in his docket "the amount and nature of the debt sued for" was mandatory, and that its omission was a fatal jurisdictional defect. The doctrine announced in *Home v. Duff*, 5 Colo. 574, and *Smith v. Aurich*, 6 Colo. 388, relating to courts of record, bears a close analogy to that contended for by the appellants in this action, but the decisions as to courts not of record are the other way; and it is held that the omission of the justice to record the aforesaid matters in his docket may be supplemented by proofs *aliunde*. It is true that, if the justice has no jurisdiction over the

subject-matter of a cause, the county court acquires none by virtue of an *ex parte* appeal, where the appellee insists in apt time upon his objection against the jurisdiction; but it is different where the parties voluntarily appear in the appellate court having jurisdiction of the subject-matter, and go to trial on the merits. It may be determined by the evidence on the trial in the appellate court whether or not the justice has jurisdiction. *Liss v. Wilcoxen,* 2 Colo. 85; *Lyon v. Washburn,* 3 Colo. 201; *Downing v. Florer,* 4 Colo. 210; *Smith v. District Court,* id. 235.

The evidence on the trial of this cause in the county court might have been preserved by bill of exceptions, and then we could easily determine whether the action was of such a nature as to be within the jurisdiction of a justice of the peace. By the same means we might determine the other questions in controversy, to wit: Whether plaintiff sued as guardian for a demand due to a minor, or whether the words "guardian of the estate of George Marty," immediately following the name of the plaintiff in the summons, were merely *descriptio personæ;* also, whether the demand sued for was an interest-bearing claim or otherwise. *Baker v. Ormsby,* 4 Scam. 325; *Brent v. Shook,* 36 Ill. 125; *Welsh v. Karstens,* 60 Ill. 117.

The defendants were allowed time to prepare and preserve such bill of exceptions, but, not having done so, we must presume that the proofs before the county court on the trial were sufficient to sustain the jurisdiction of the county court, and to warrant the finding and judgment as rendered. *Martin v. Force,* 3 Colo. 199; *Dusing v. Nelson,* 7 Colo. 184; *Hughes v. Cummings,* 7 Colo. 138; *Barnett v. Wolf,* 70 Ill. 76.

The judgment of the county court is affirmed.

*Affirmed.*