## EDWARDS v. SMITH.

1. TRIAL BY STIPULATION.— Where parties appear and by stipulation submit their controversy to a court having jurisdiction of the subject-matter thereof, they cannot afterwards be heard to question the authority of such tribunal.

2. OBJECTIONS TO INSTRUCTIONS, HOW MADE.— Objections to instructions should be specific, so as to afford the trial court an opportunity for reviewing and correcting the charge if found erroneous.

*Appeal from District Court of Eagle County.*

THIS action was originally begun before a justice of the peace. Subsequently an appeal was taken to the county court, where the following stipulation was entered into:

"It is stipulated by and between the parties to this action that the venue therein be changed from the county court of Eagle county, Colorado, to the district court. * * * And it is further stipulated and agreed that, upon the trial of this action in the said district court of Eagle county, all matters and differences arising and growing out of the use, injuries or damages to the team of horses and wagon, which defendant now has possession of by virtue of a judgment rendered at the June term, A. D. 1887, of said district court, sitting in and for Eagle county, in an action between the parties hereto, may be adjudicated upon up to and including the day of trial by said district court."

The cause being called for trial in the district court, it was further "agreed by the parties hereto in open court that six jurors shall try this cause." The trial resulted in a verdict and judgment in favor of the plaintiff, Smith, for the sum of $174.75. The defendant, Edwards, appeals to this court.

Mr. A. T. GUNNELL and Mr. A. R. BROWN, for appellant.

Messrs. MONTGOMERY & FROST, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

It is contended by counsel for appellant that the action is one of equitable cognizance, and so not within the juris-

diction of the justice of the peace before whom the suit was originally instituted. Upon this ground it is assigned for error that the district court was without jurisdiction to try the cause.

Whether the objection to the jurisdiction of the district court might have been maintained if it had been insisted on in apt time without waiver, we need not consider. There being no necessity for written pleadings in cases originating before justices of the peace, the question whether the justice has jurisdiction in a particular case must ordinarily be determined from the evidence. In this case, however, we regard the stipulation entered into between the parties as decisive of the jurisdictional question.

After the cause had reached the county court the parties entered into a stipulation in writing, making it a part of the record, to the effect that the cause should be removed into the district court, and that certain specified matters and differences between them should be there tried. The parties appeared in the district court, and went to trial in pursuance of such stipulation. Having thus voluntarily submitted their controversy to a court having jurisdiction of the subject-matter thereof, they cannot afterwards be heard to question the authority of such tribunal. This is no violation of the principle that consent cannot confer jurisdiction over the subject-matter of a cause. The constitutional jurisdiction of the district court extends to "all causes, both at law and in equity." It was competent for the parties by stipulation to waive any objection they might have to the trial of the cause by the county court on appeal, or by the district court on change of venue, and to voluntarily submit their matters of difference to trial by the district court, which they did. *Lyon v. Washburn*, 3 Colo. 201; *Behymer v. Nordloh*, 12 Colo. 352, and cases there cited.

The court charged and instructed the jury orally by consent. It does not appear that any *specific objections* were made to any part of the charge. At the close of the charge,

exception was taken as follows: "To which charge and instructions to the jury, and each and every part thereof, said plaintiff, by his counsel, then and there duly excepted." It is well settled that general exceptions taken in this way are not sufficient, since it is evident they do not point out any specific objection so as to afford the trial court an opportunity for reviewing and correcting the charge if found erroneous. *Keith v. Wells*, 14 Colo. 321, and cases there cited.

This disposes of the assignments of error so far as they are properly presented by the abstract and brief of appellant. The case has been twice tried, first by the justice of the peace, and second by a jury in the district court, with substantially the same result at each trial. No substantial errors have been made apparent on this appeal. The judgment of the district court is affirmed.

*Affirmed.*