Thomson, J.,
delivered the opinion of the court.
In September, 1889, the appellees were the owners of a quantity of unthreshed wheat and oats in stack, which they employed the appellant to thresh, and which he undertook to thresh, with a steam thresher then owned and operated by him. While the work of threshing was proceeding, the stacks took fire, and a large portion of the grain was burned. The following are the allegations of the complaint in relation to the damage:
“ That said steam engine and steam threshing machine was defective, faulty and dangerous in construction, and out of repair, and unfit and unsafe for use in threshing grain. All of which was known to the defendant, and was unknown to the plaintiffs. That, while so threshing said grain, and by the carelessness and negligence of the defendant, his agents and servants, and without carelessness or negligence on the part of the plaintiffs, a large quantity of said grain, to wit: 1,513 bushels thereof, and a large quantity of straw, belonging to plaintiffs was set on fire by said steam engine and steam threshing machine, and wholly consumed and destroyed, to the great damage of plaintiffs.”
The defendant answered the charge as follows:
“ Denies that said steam engine and steam threshing machine, mentioned in plaintiffs’ complaint, or either of them, were defective, faulty or dangerous in construction, or out of repair, or unfit or unsafe for use in threshing grain, or that all or any of said alleged defects were known to the defendant.
“Denies that, while threshing the grain mentioned in plaintiffs’ complaint, or any part thereof, by the carelessness or negligence of the defendant, his agents or servants, or any of them, a large quantity — to wit, 1,513 bushels, or any other quantity — of the grain or straw, mentioned in plaintiffs’ complaint, was set on fire by the steam engine and steam threshing machine, or either of them mentioned in plaintiffs’ complaint.”
*284 The foregoing quotations are from the complaint and ■answer as they appear in this record. The complaint does not aver that the defective and faulty condition and character of the machinery had anything to do with the fire. Although it is alleged that the grain and straw were set on fire by the engine and machine, yet it is expressly stated that the fire was caused by the carelessness and negligence of the defendant, his agents and servants, while threshing the grain. The averment amounts to this, that the careless and negligent operation and management of the machinery, as it was, caused the fire to be communicated to the straw and grain, and thus caused their destruction. The allegations being denied, the sole issue for trial was upon the negligence of the defendant and his employés, occurring while the grain was being threshed. Upon the question of such negligence there was no evidence whatever offered on either side. There was a small amount of evidence tending to show that the direction of the wind was toward the stacks from the place where the defendant set his engine, and some argument is made that the placing of the engine in that position was negligence ; but the evidence also was that the plaintiff Snyder, who was acting for himself and the other plaintiff at the time, was present when the engine was set, and, with as full knowledge of the direction of the wind and the proximity of the stacks as that'possessed by the defendant, made no objection to the location of the engine; so that if there was anything improper in setting the engine in that place, then the responsibility for the act must be shared by the plaintiffs. But Snyder himself testified that at the time the threshing commenced the wind was not blowing hard enough to be dangerous; and a failure to foresee the subsequent force or direction of the wind cannot very well be characterized as negligence. The plaintiffs furnished the coal to be used in the furnace of the engine, and the defendant offered to prove that “ it was very much choked up with everything.” The court refused to receive the evidence. If improper fuel, furnished by the plaintiffs, was the cause of the fire, then *285 the loss occurred through their negligence; but the fact should have been pleaded, and without anything in the answer to advise the plaintiffs that such proof would be attempted, the evidence was inadmissible. But, waiving this, the offer did not connect the proposed proof with the fire. The coal might have been “ choked up with everything,” and still have been perfectly safe; it might have emitted no more or dangerous sparks than unobjectionable fuel; and inasmuch as the defendant did not propose to prove that “ choked up ” coal was any more liable to communicate fire to the stacks than unchoked coal, the offer was properly refused.
The evidence on both sides was almost entirely directed to the construction and condition of the engine. The smokestack was supplied with a hood or cone, but had no screen. The plaintiffs proved that the cone alone would not prevent the emission of sparks; that the common and ordinary method of preventing the escape of fire from the smokestack, and the one in almost universal use in the case of coal-burning threshing engines, was a cone with a wire screen above; and that it would be dangerous to set an engine, unprovided with a screen, as close to the grain stacks as this engine was set, when there was a moderate breeze in the direction of the stacks. On the other hand, the testimony for the defendant was that it was impracticable to operate an engine with a screen, because the screen would choke up; and, as a spark arrester, the cone was ordinarily sufficient.
The case which was tried was not the case made by the • pleadings; and ordinarily judgment in favor of a party upon a case which he has not pleaded would be improper, even if his adversary should be negligent in failing to interpose proper objections at the proper time. Gibbs v. Wall, 10 Colo. 153. But the issue upon the defective character of the machinery as the cause of the fire, which was injected into the case by the evidence, was accepted by both sides, without question, as the main issue for trial. Their tacit agreement as to the questions involved controlled the course *286 of the trial, and the proceedings subsequent to the trial; it was acted upon throughout by the trial judge, and the arguments of the respective counsel in this court are based upon the same theory of the ease which they mutually adopted below. We are therefore compelled to disregard the pleadings, and decide the case as the parties have seen fit to present it to us.
The judgment from which this appeal was taken was the i’esult of a second trial of the cause. Upon the former trial, judgment likewise went against the defendant, from which he took an appeal to the supreme court, where the judgment was reversed. Holman v. Boston L. & S. Co., 20 Colo. 7. The complaint upon which the cause was first tried, as appears from the statement preceding the opinion of that court, contained the following allegations concerning the origin of the fire: “ That while so threshing said grain, and by the carelessness and negligence of the defendant, his agents and servants, in operating said steam engine and thresher, and on account and by reason of the defective, faulty and dangerous construction of said engine and thresher, and on account of the same being out of repair, thereby rendering said engine unfit and unsafe for threshing grain, and by reason of defendant’s using said machine and engine in the condition aforesaid, and without carelessness or negligence on the part of the plaintiffs, a large quantity of said grain, to wit, 1,513 bushels thereof, and a large quantity of straw belonging to plaintiffs, was set on fire by said steam engine and steam threshing machine, and wholly consumed and destroyed.”
It will be observed that the foregoing allegations charge the fire directly to the defective, faulty and dangerous construction and condition of the engine and thresher. When, how or why the original complaint was abandoned, and the present one substituted, the record does not advise us. Judging from the language of that opinion, the evidence introduced at the first trial in relation to the condition of the engine was substantially the same' as that introduced at the *287 last; and the supreme court held that it was sufficient under proper instructions to sustain the verdict. The judgment was reversed, partly on account of the exclusion of evidence that Snyder immediately after the fire stated that no one was to blame for it, and partly because by the charge of the judge to the jury the defendant was held to a higher degree of care in the way of providing appliances for arresting sparks, and preventing the scattering of fire from his engine, than the law exacts. The evidence excluded at the former trial was admitted at the last. It was disputed by the defendant, but, as given, it failed to show that the alleged statement was made by Snyder with any knowledge of the real facts. Our opinion is that in the case as it has been presented to us, the verdict was based upon ample evidence, and we have no right to disturb it unless some reason for so doing can be found in the refusal of instructions asked, or in the giving of the instructions by which the case was submitted to the jury.
• Counsel for the defendant prepared and offered a number of instructions, which the court declined to give. By the consent of counsel on both sides, the court then instructed the jury orally. All of the instructions requested in behalf of the defendant, except one, were substantially embodied in the oral charge of the court; and error, therefore, cannot be predicated on their rejection. The one instruction excepted was as follows: “ The court instructs the jury that, if the plaintiffs were guilty of negligence in the stacking of their grain ready for threshing, or in having improper fuel to be used in defendant’s engine, or in not furnishing water in sufficient quantities, or in any other respect, where a duty devolved upon them, then, in that event, the jury will find for the defendant, although the jury may believe the defendant was also guilty of negligence.” There was no evidence to justify such an instruction. The defendant testified that the stacks were so close together that there was no room for his separator or his tables. Whether the stacking was improper, or increased the danger, he did not say. However, he undertook the job of threshing, knowing how the stacks *288 wex-e situated, and was bound to conduct the work with reference to their existing situation. As he engaged to operate on them as they wei’e, and not as in his opinion they should have been, their position with reference to each other did not constitute contributory negligence on the part of the plaintiffs, and was no excuse for negligence oxi the part of the defendant. The question of improper fuel has been already considered. There was no evidence that water was not furnished in sufficient quantities to supply the boiler of the engine, and the plaintiffs could not be supposed to anticipate the fire, and were therefore not bound to have water enough on hand to put it out.
The oral charge was excepted to as follows: “ The defendant by his counsel here and now excepts to the giving of each and every of the foregoing instructions.” This exception was altogether insufficient. In order that ex'ror may be predicated upon instructions, either oral or written, the objections to them must be specific, and must point out separately the several instructions, or the sevei’al parts of the chai’ge which are questioned, so that the court may have an opportunity to make the proper necessary corrections. Rice v. Goodridge, 9 Colo. 287; Edwards v. Smith, 16 Colo. 529.
We have, however, examined the instructions given with some care, and find that the court confined them within the limits prescribed by the supíneme court; and, so far as we can see, they are without any objectionable features.
The judgment will be affirmed.

Affirmed.