Bissell, J.,
delivered the opinion of the court.
This litigation begun in an action brought by Mrs. Hoff-mire, the appellee, against Otero county, before a'justiee of the peace, wherein she recovered a judgment from which an appeal was prosecuted to the county court, which was ultimately dismissed. In the prosecution of that appeal a bond was given, which is the subject-matter of the present suit. The bond was signed by the board of county commissioners of Otero county by John B. O’Neil, its chairman, and executed by Vroman and Washburn as sureties, who were, with O’Neil and the board, named as defendants in this suit. Suit was begun before a justice of the peace, J. W. Douthitt, whose office was in La Junta. After service of summons, and presumably on the appearance day, O’Neil, who was the chairman of the board of county commissioners, who were defendants in the suit, filed an affidavit under section 1968 of the General Statutes, alleging the prejudice of the justice, and demanding a change of venue. On the filing of the affidavit, Douthitt transferred the case to C. M. Robins, who lived in Rocky Ford, some 10 miles away. When the cause reached Robins, the defendants-—appearing specially for the purpose, and making no general appearance in the suit—filed a motion to dismiss the case because Robins was without *528 jurisdiction. With this motion they filed a showing that F. T. Moore was one of the regularly elected justices of the peace in precinct No. 6, with an office in La Junta, in close proximity to that occupied by Justice Douthitt. There was no showing per contra, save that Douthitt filed an affidavit stating that at the time he made the transfer Moore was sick and unable to hear causes. This latter fact probably is unimportant, but it was controverted by the affidavit of Moore, who made it evident that he was in his office for the transaction of business on the date of the transfer. The justice declined to dismiss the case, or retransfer it, or take any action about it, and rendered judgment for the plaintiff. Thereupon an appeal was taken to the county court, and the cause there filed and docketed, and on the incoming of the case in the county court the defendants, appearing specially for the purpose, filed a motion to dismiss it on the ground that Robins was without jurisdiction to try the cause, and that the county court must decide the question, and determine him to be without jurisdiction, and enter the proper order of dismissal and transfer to the proper court, if such order was permissible. The defendants made no appearance in the county court other than for the purposes of this motion. The county court denied it, took jurisdiction, heard and tried the case de novo, and entered final judgment against the defendants, the board of county commissioners, Vroman, and Washburn, the sureties, and also against O’Neil. After the testimony was heard, and the court made its findings and ordered that judgment be entered in the judgment book, the defendants excepted to the findings and to the judgment as entered, prayed an appeal, and brought the case here.
The regularity and validity of the judgment are plainly dependent on a jurisdictional inquiry. We recognize the very great difficulty into which the appellee will be precipitated by the reversal of the judgment, but the matter has been so completely settled by adjudications of the supreme court that we are able to reach but one conclusion. The jurisdiction of a justice is purely statutory, and the proceedings must *529 conform to the statute, and the plaintiff must see to it that he invokes the authority of the proper justice, and that his case is'regularly conducted, in order to obtain a judgment which shall bind the parties and be unassailable if the case is appealed. This suit was originally begun before a justice in La Junta, and we shall assume, without inquiry, that the parties were regularly brought into court, as we are only concerned here with the regularity of the proceedings thereafter. On the return day the defendants filed a motion, under section 1963 of the statute, for a change of venue. The papers were regular in form, and sufficient to compel the justice to transfer the case. This statute gives the right to any defendant, before the commencement of the trial, on filing an affidavit that he cannot have a fair and impartial trial before the justice, to have the case transferred; and it is made the duty of the officer to transmit all papers and documents belonging to the suit to the nearest justice, who is authorized to proceed as if the suit had bee'n begun before him. This particular statutory provision has been in force ever since 1861, and in substantially its present form,—at least, in all particulars which affect this appeal. The justice: made the order transferring the case to Robins, at Rocky Ford, instead of to Moore, who was a justice in' La Junta,, having an office within a short distance of the one occupied by Doutliitt, before whom the case was brought. Whether the plaintiff made any objection or not, or suggested that the case should go to the nearest justice having jurisdiction, does not appear. Whether this be true, or the fact be otherwise, Robins acquired no jurisdiction by virtue of the transfer, and it was his duty when the case reached him to return the case to the justice from which it came. Whether Douthitt ever lost jurisdiction of the case, and whether he still has it, and the case may be continued before him, are matters about which we need not speculate, for we are powerless to make any order in the premises. As has been stated, the defendants did not submit to the jurisdiction of Robins, but immediately filed their motion to dismiss for this reason ; and when *530 they failed to appear further he took jurisdiction, and tried the case and entered judgment accordingly. Thereupon the defendants appealed the case to the county court, and promptly entered a special appearance, and moved to dismiss the case on the ground that the justice was without jurisdiction to hear and determine the cause. The motion was overruled, and the defendants took no further steps in the defense or trial of the case. There was no general appearance, either before Robins or the county court, which gave either court jurisdiction of the defendants so that they became bound by the judgment which was entered. The supreme court has decided that the defendant’s rights are not at all affected by the appeal, but that, when a judgment is rendered by a justice without jurisdiction, an appeal may be taken by the defendant, and the question raised in the county court, so long as he makes no general appearance; and, if that court rules incorrectly respecting the matter of the jurisdiction of the justice, by taking an appeal from the judgment of the county court he can obtain a review, and the appellate court will pass on the question. All these questions which have been suggested have been finally and conclusively passed on. Melvin v. Latshaw, 2 Colo. 81; Wagner v. Hallack, 3 Colo. 176; Downing v. Florer, 4 Colo. 209; D., S. P. & P. R. R. Co. v. Roberts, 6 Colo. 333; Reynolds v. Larkins, 10 Colo. 126.
The same rule has been recognized in other jurisdictions, and it has been accordingly held, where the case was not properly transferred, and an appeal was taken from the judgment entered, that the appellate court would, upon a rehearing, reverse the judgment, and send it to the court which had jurisdiction of the case at some point in its history. Allen v. Belcher, 3 Gilman, 594; Baxter v. People, 2 Gilman, 578.
Even though this jurisdictional question was out o£ the way, the judgment would necessarily be reversed, because it was entered against O’Neil, who was never a party to the instrument on which the action was brought. The bond was executed by the board of county commissioners through O’Neil, as its chairman, and the other two appellants, as sure *531 ties. There was nothing in the form of O’Neil’s execution of the bond which made him liable thereon, and no judgment should have been rendered against him.
O.ne or two other questions are argued, principal among which is the one respecting the sufficiency of the evidence to support the judgment. We are inclined to agree with the appellants that the proof did not warrant the recovery, but we prefer to base the reversal of the case on the other two propositions,—the lack of jurisdiction on the part of the justice, and the entry of judgment against one who was not a party to the instrument sued on.
For these errors the judgment will be reversed.

Reversed.