## Henry A. Foster, Administrator, v. Sarah Adler.

1. PLEADING—*By Executors and Administrators.*—A declaration by an executor or administrator upon a cause which can be maintained only in a representative capacity, and which does not contain a sufficient averment of that capacity, is bad on demurrer.

2. PRACTICE—*Profert of Letters Testamentary and of Administration.* —Letters testamentary and of administration must be pleaded with a profert, when an executor or administrator is plaintiff.

3. SAME—*Where Right to Sue in a Representative Capacity is Questioned.*—If a defendant desires to question the right of a plaintiff to sue as an executor or administrator he must plead *ne unques executor* or *administrator.* If he fails to do so the plaintiff will not be compelled on trial to make any proof of his representative character.

4. SAME—*Oyer and Demurrer.*—A defendant in a suit by an executor or administrator may by demanding oyer of the letters, and demurring to the declaration, take advantage of any material variance between the letters produced on oyer and the statement of them in the declaration, and may reach any substantial defect apparent on the face of the letters.

5. SAME—*Scope of a General Demurrer.*—A general demurrer is sufficient to reach a defect in the substance of a declaration which does not aver facts showing a right of action in the plaintiff.

6. SAME—*Amended Pleadings Stand by Themselves.*—An amended declaration can not be aided by the original declaration, to which a general demurrer has been sustained, nor can it be made defective by anything contained in such original declaration.

**Action for Rent.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 20, 1899.

L. A. GILMORE, attorney for appellant.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The questions before us are confined to the sufficiency of appellant's last amended declaration.

The assignments of error that question the action of the Circuit Court in sustaining demurrers to the prior declarations, whether original or amended, can not be considered by us. All such errors, if any, were waived by the plaintiff by obtaining leave to amend and filing this last amended declaration.

It is the last amended declaration alone that he abided by, and the correctness of the action of the court in sustaining a demurrer, both general and special, thereto, is all we have to decide. People v. Core, 85 Ill. 248.

By his said last amended declaration the appellant, as plaintiff, describes himself as "administrator of the goods, chattels and credits which were of the estate of D. Ruby Martin, deceased, at the time of her death, who died intestate," and complains of appellee in a plea of trespass on the case. He makes no profert of his letters of administration, nor does he make any averment of his appointment as administrator, or of his right or title to sue as such.

Looking to the allegations in the body of the said amended declaration, it is seen that the only title appellant can possibly have to maintain his action is in his representative capacity, and hence his said declaration can not be aided by treating the description of himself as surplusage, as in the cases of Brent v. Shook, 36 Ill. 125, and Higgins v. Halligan, 46 Ill. 173. Nor is it the case of a cause of action growing out of contract with the administrator after the death of the intestate, where suit might be maintained in either the personal or representative character of the administrator. Wolf v. Beaird, 123 Ill. 585.

It is said in 8 Encyclopedia of Pl. and Pr. 671, that if, at common law, "a declaration by an executor or administrator upon a cause which can be maintained by him only in his

representative capacity does not contain a sufficient aver-
ment of that capacity it is bad on demurrer," and numerous
authorities are cited.

In Ellis v. Appleby, 4 R. I. 462, it is said : " At common
law, in a suit by an executor or administrator it was neces-
sary that the declaration should show not only the capacity
in which the plaintiff sued; but by what authority letters
testamentary or of administration had been granted to him,
and that profert of his letters should be made; " and that
such was the rule until the statutes of 4 and 5 Anne aided
the omission to make profert unless the defendant demurred
specially for the defect.

In Judah v. Fredericks, 57 Cal. 389, a complaint alleging
that the plaintiff " is the duly qualified and acting execu-
trix of the last will and testament of," etc., was held to
be insufficient on general demurrer; and there is in that
case a useful collection of authorities upon the subject, from
which we may summarize as being applicable here, as was
done in one of the New York cases there cited :

" It is conclusively settled by authority that a complaint
commencing like the present, and containing no other alle-
gations of the plaintiff's appointment, does not allege that
he was an administrator, or show that he prosecutes in that
capacity. The introductory statement is *descriptio personae*
only."

Although it may be that the Supreme Court of this
State has not decided the very point, there are cases from
which it may be inferred that the common law rule will be
adhered to at the first opportunity.

Thus, in Linder v. Monroe, 33 Ill. 388, Judge Breese
says :

" The declaration pursues the form of the most approved
precedents, and the plaintiffs therein make profert of the
letters testamentary in the usual form."

Again, in Collins v. Ayers, 13 Ill. 358 (a case where it
appears that profert of the letters of administration was
made by the plaintiff), it is said by Chief Justice Treat:

" Letters testamentary and of administration must be

pleaded with a profert, when an executor or administrator is plaintiff. If a defendant intends to question the right of a plaintiff to sue in such a capacity, he must plead *ne unques* executor or administrator. If he fails to put the fact in issue, the plaintiff will not be compelled on the trial to make any proof of his representative character. It is considered as admitted by the defendant. He may, however, by demanding oyer of the letters, and demurring to the declaration, take advantage of any material variance between the letters produced on oyer *and the statement of them in the declaration.* 1 Chit. Plead. 465. And he may, in the same mode, reach any substantial defect apparent on the face of the letters. Gould's Rep. 449."

The failure to make profert of the letters of administration in this case was not one of the special causes of demurrer, and we think it need not have been. A general demurrer is sufficient to reach a defect in the substance of a declaration, which, in this case, consists in that it does not aver facts showing a right of action in appellant. In such respect this case is like the California case above cited.

Without the averment that is here lacking the issuable fact of letters granted would not be presented for the defendant to plead *ne unques* administrator to, nor could defendant crave oyer of the letters where they are not alleged to exist, nor profert made of them.

. It can not be said that, because the original declaration made profert of the letters, this last amended declaration is aided thereby.

The original declaration was, so to speak, out of the case when this last amended declaration was filed, by reason of a general demurrer having been sustained to it. After that was done an amended declaration was filed, to which again a demurrer was interposed, and then this last amended declaration was filed and being demurred to, and the demurrer sustained, was abided by.

In none of the amended declarations was the representative capacity of the appellant alleged, or profert of his letters of administration made.

This last amended declaration can no more be aided by the original declaration, to which a general demurrer was

sustained, than it can be made defective by anything which was therein contained.

It is very plain, we think, that this last amended declaration is subject to one or more of the special causes of demurrer filed to it, but it is unnecessary to take time and space to consider them.

It being plain that no action can be maintained by appellant upon the facts set up in this last amended declaration except in his representative character as administrator, and there being no averment of such capacity existing in him, and no profert being made of his letters of administration, the demurrer was properly sustained, and the judgment of the Circuit Court is affirmed.