[No. 5521.]
[No. 3193 C. A.]

## THE CITY OF PUEBLO ET AL. v. DYE.

1.  Courts—Justices of the Peace—Jurisdiction—Waiver of Objections—Cities and Towns.

In an action against a municipal corporation in a justice's court, the defendant in that court successfully, and in the county court on appeal, unsuccessfully, objected to the jurisdiction of the justice of the peace, on the ground that he had no jurisdiction to render a judgment which he could not enforce by execution. Upon the overruling of the motion to dismiss in the county court for lack of jurisdiction, the defendant, without objection, entered

upon the trial of the cause, and at the close of plaintiff's evidence, and again at the close of its own evidence, requested the court to direct a verdict for plaintiff for the amount of a tender for which defendant offered to confess judgment. Held that, as the county court would have had jurisdiction of the cause if it had been originally brought there, the action of the defendant in voluntarily submitting to the jurisdiction of the county court on the appeal by going to trial there, and its offer to confess judgment, operated to vest jurisdiction in that court, notwithstanding the earlier objection thereto.—Pp. 38, 39.

2. **Cities and Towns—Expenditures — Actions Against — Conditions Precedent—Issuance of Vouchers.**

Chapter 77 of the Session Laws 1897, providing for the appointment of a board of park commissioners in the city of Pueblo, authorized such board to expend on behalf of the city all money realized from the sale of park bonds or from special assessments or appropriations made from the general revenues by the city counsel for park purposes, and required the board to issue vouchers for such expenditures and certify them to the city council before payment could be made by the city; and provided that no member of the board had authority to act in behalf of the board except pursuant to an order regularly made at a meeting of the board, and that no action of the board was binding unless authorized by a majority of its members at a regular or a duly called special meeting. Held, that under the statute, an action could not be maintained against the city for work done for the park board, on the supposition that it was done under contract with a member of the board or its superintendent, for any amount not called for by vouchers issued by the board; the remedy of the person doing the work, in case his claim has been approved but the voucher for the amount has not been issued, being to compel the board to issue a voucher for the amount; and, in case the claim has not been legally adjudged, an action against the board to ascertain and fix the amount due is the first step to be taken. —Pp. 40, 41.

3. **Cities and Towns—Obligations—Discharge of—Mode—Statutory Provisions.**

Where a particular mode of discharging obligations of municipal corporations is provided by law, it must be pursued.—P. 40.

4. **Practice in Civil Actions—Splitting Cause of Action—Consent of Debtor.**

A creditor cannot split up his cause of action by assigning parts of it without the concurrence of the debtor; and the latter,

without his consent, cannot be sued by the assignee alone upon such an assignment.—P. 41.

5. **Practice in Civil Actions — Cities and Towns — Judgment Against—Execution—Modification.**

In an action against a municipal corporation, a judgment awarding an execution to enforce a judgment rendered against defendant is improper; but the judgment may be modified by striking therefrom the objectionable provision.—P. 42.

6. **Appellate Practice—Disposition of Cause—Reversal—Direction to Lower Court.**

Where, in an action by an assignee of a portion of a claim for work done under a contract, no valid contract or ratification thereof by the debtor, or consent to the partial assignment is shown, a judgment for plaintiff must be reversed, and the cause dismissed; but, where defendant offered to confess judgment for a less amount, the judgment will be reversed, and the cause remanded with instructions to vacate the judgment and enter another for plaintiff for the amount offered, and to tax all costs to plaintiff accruing after the offer.—P. 42.

*Appeal from the County Court of Pueblo County. Hon. L. B. Gibson, Judge.*

Action by Joe Dye against the city of Pueblo and its board of park commissioners. From a judgment in the county court, on appeal from the justice of the peace court, against the city and dismissing the action as to the park board, the city appeals.   *Reversed.*

Mr. JAMES A. PARK and Mr. J. T. McCORKLE, for appellant.

No appearance for appellee.

This is an action against the board of park commissioners of district No. 1 of the city of Pueblo and the city itself, by Joe Dye, assignee of Johnston & Kingsley of part of an entire claim which that firm asserted against the park board for repairs and improvements which they say they made under a contract with the board upon the mineral palace, a public building in Mineral Palace park. The action was

dismissed as to the park board and judgment went against the city for the amount of the claim. The city appeals.

Mr. Justice Campbell delivered the opinion of the court:

1. The first objection to the judgment of the county court, the same being rendered upon an appeal from a justice of the peace, is that jurisdiction of the subject-matter was lacking, because an action does not lie in the court of a justice of the peace in this state against a municipal corporation. The particular and main objection is that as a judgment against a municipal corporation cannot be enforced by execution, but only by an action in mandamus, and as the justice had not jurisdiction to issue a writ of mandamus, his jurisdiction to enter a judgment which he cannot enforce by execution is altogether lacking; and if the justice had no jurisdiction, taking an appeal did not vest it in the county court. To this are cited, *Riggs v. Johnson County*, 6 Wall. 166, 187, and various provisions of our statute defining the jurisdiction of justices of the peace and decisions of our court on that subject. Were it not for defendant's conduct at the trial, this ojection would raise an important question which we would be obliged to pass upon.—*Downing v. Florer*, 4 Colo. 209. The defendant successfully interposed the objection in the justice's court, and unsuccessfully on the appeal in the county court before trial began. Had it rested its case there, it could now press the point. But after the county court overruled its motion to dismiss for lack of jurisdiction, defendant asked for a continuance, and later and without objection entered upon the trial. At the close of the plaintiff's evidence, and again after its own evidence was in, defendant asked the court to instruct the jury to return a verdict, and

the court to enter judgment on it, in favor of plaintiff for $48.70, the amount which it had tendered to plaintiff before trial and kept good in court.   Unquestionably the county court would have had jurisdiction of the subject-matter had the action originally been brought therein; hence this voluntary submission by the defendant to its jurisdiction, by going to trial and offering to confess judgment, operated to vest or re-vest jurisdiction in that tribunal, notwithstanding the earlier objection thereto.—*Denver S. P. & P. R. R. Co. v. Roberts,* 6 Colo. 333; *Lyon v. Washburn,* 3 Colo. 201; *Edwards v. Smith,* 16 Colo. 529; *Christ v. Flannagan,* 23 Colo. 140.   This, however, does not preclude defendant from objecting on other grounds to the different judgment which was actually rendered, and we, therefore, pass to a consideration of some of the more important ones, though there are others which require a reversal.

2.   Under the provisions of the act of the general assembly, Session Laws 1897, p. 275, a board of park commissioners was appointed by the city council of the city of Pueblo.   To this board the statute gives full, complete and exclusive authority to expend for and on behalf of the city all money realized from the sale of park bonds or from special assessments or appropriations made from the general revenues by the city council for park purposes.   For such expenditures the park board must issue its vouchers and certify the same to the city council before payment can be made by the city.   No member of the board has any authority to act in its behalf except in pursuance of an order regularly made at a meeting of the board, and no action of the board is binding unless authorized by a majority of its members at a regular, or a duly called special, meeting.   The claim here sued upon, which constitutes part of an entire claim which the firm of Johnston & Kingsley assert

against the park board was, they say, for services which they performed on the mineral palace under contract. No contract in the first instance was made by the board as a body or by any individual member. The work seems to have been done by this firm on the supposition that they had made a contract with a member of the board or its superintendent. After the work was done, the contractors and two members of the board, not at a meeting of that body, seem to have made a tentative settlement, the amount arrived at being less than the sum claimed; and afterwards, on December 12, 1903, at a meeting of the board, the sum thus fixed was allowed plaintiff as the recorded minutes state. It does not appear from these minutes, or from other evidence, whether this was a regular or a special meeting. Only two of the members were present. The action of the board at this meeting would be valid if it was a regular meeting, but not if it was a special meeting, in the absence of evidence that notice was given to all the members since one of them was not present. On the 26th of December of the same month the board held a special meeting and purported to rescind its action of December 12th, and in lieu of the former allowance made another one in favor of the plaintiff of $48.70, and issued their voucher to him for this amount and certified the same to the city council to be paid. No voucher was issued for the allowance of December 12th, or certification made thereof to the city council.

It is well settled that where a particular mode of discharging the obligations of municipal corporations is provided by law, it is exclusive and must be pursued.—*Swift v. Mayor et al.,* 83 N. Y. 528; *Dannat v. Mayor,* 66 N. Y. 585; *Crane v. City of Urbana,* 2 Ill. App. 559; *Board of Directors, etc., and City of Chicago v. Arnold,* 60 Ill. App. 328.

Under the statute by which this board was

created, the city could pay for expenditures made by the board only when a voucher therefor was approved by the board and certified to the city council of the city. This was not done in the present case for the amount which the plaintiff claimed and for which he sued. The city expressed a willingness to have judgment go against it for $48.70, which had been approved by the board at the special meeting of December 26th and certified to the council, and this was the extent of the recovery which plaintiff could have in this action. If the full amount of his claim was legally allowed him and approved by the board on December 12th, as he says was the case; his proper remedy is mandamus to compel the board to issue and certify a voucher therefor. If, as the board asserts to be true, the amount was in dispute or was not legally adjusted, an action against the board to ascertain and fix the amount is the first step for him to take. What was done in this case was an approval and certification by the board of a voucher for $48.70, being less than the amount claimed. The city was not called on to pay the larger sum before a voucher therefore was certified to it. The statutory conditions precedent to its liability not having been fulfilled, it was error to render judgment against the city beyond the amount which it confessed it owed, and for which a voucher had been duly certified to its city council.

3. There is another reason why this action could not be maintained either against the board or the city. The claim of Johnston and Kingsley against the board was an entire one. A part only was assigned to plaintiff. There is no evidence that the board consented to this partial assignment. A creditor cannot split up his cause of action by assigning parts of it without the concurrence of the debtor, and the latter, without his consent, cannot be sued by

the assignee alone upon such an assignment.—*C., B. & Q. R. R. Co. v. Provolt*, 42 Colo. 103; *Home Ins. Co. v. Railroad*, 19 Colo. 46; *Smith v. Atkinson*, 18 Colo. 255; *Welch v. Mayer*, 4 Col. App. 440; *Snedden v. Harmes*, 5 Col. App. 477.

4. The judgment rendered against the city awarded an execution to enforce the same. This was improper. If this was the only error in the case, the judgment might be modified by striking therefrom the provision for the execution.

5. Had not defendant city acknowledged its liability and offered to confess judgment to the extent of the amount of the voucher which the park board certified to it, the judgment would have to be reversed and the action dismissed, because no valid contract was established or ratified by the board, and its consent to the partial assignment to plaintiff was not given; but since defendant city acknowledged its indebtedness to plaintiff in the amount of $48.70, the judgment must be reversed and the cause remanded with instructions to vacate the former judgment and enter another in favor of plaintiff for that amount, all costs accruing after the tender to plaintiff was made to be taxed to him.          *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.